■ BARBARA SMUKLER, Appellant, v 12 LOFTS REALTY, INC., et al., Defendants, and PAUL WALDMAN, Respondent.—Orders, Supreme Court, New York County (Irma Santaella, J.), entered on or about June 20, 1988, and on October 14, 1988, which, respectively, granted a motion by defendant Paul Waldman dismissing the action as against him, and denied a motion by plaintiff Barbara Smukler to amend the complaint, unanimously affirmed, without costs.

Plaintiff and her husband are shareholders and residents of the top-floor apartment in a 12-story cooperative loft-apartment building. Plaintiff commenced this action for damages and injunctive relief arising out of, *inter alia,* the proposed use by other shareholders of the building's roof and of the twelfth-floor elevator landing as a means of access to the roof, and the disapproval by the corporation's screening committee of a prospective purchaser of their shares. Mrs. Smukler contends that the use of the roof would disturb her quiet enjoyment of the apartment, including the skylights, and that she and her husband are entitled to exclusive use of the twelfth-floor elevator landing and hallway. She alleges that the cooperative's screening committee rejected a prospective

buyer of her shares because the buyer refused to enter into a written agreement with the cooperative permitting use of the roof and twelfth-floor elevator landing by other shareholders and their guests.

Defendant Paul Waldman is a shareholder and resident of the building and the remaining defendants are the cooperative corporation, members of the board of directors and members of the screening committee. Subsequent to service of the complaint, all of the defendants answered except for Waldman who moved to dismiss the complaint as against him for failure to state a cause of action (CPLR 3211 [a] [7]). Only the sixth, seventh, eighth and ninth causes relate to Waldman.

Accepting each of plaintiff's factual allegations as true and liberally construing the complaint in favor of plaintiff *(219 Broadway Corp. v Alexander's, Inc.,* 46 NY2d 506, 509 [1979]; *Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526, 527 [1st Dept 1986]), no reasonable view of the pleaded facts states a cause of action against the defendant Waldman.

The sixth cause of action of the original complaint claims that in requiring Michael Gizang, plaintiff's prospective buyer, to sign an agreement, *inter alia,* agreeing to use of the roof and twelfth-floor landing as a common area, the defendants caused a tortious interference with her contract rights. The proposed amended complaint, in addition, alleges that Waldman, although not a member of the screening committee, was aware of the terms of her contract with Gizang, participated in creating the proposed agreement and ensured that it was submitted to Gizang. However, plaintiff has not alleged that Waldman induced Gizang to breach his contract with plaintiff, a requirement of this tort. *(See, Novak v Rubin,* 129 AD2d 780, 782 [2d Dept 1987], *lv denied* 133 AD2d 223 [1987].) Nor has plaintiff alleged that Waldman, in dereliction of a duty owed plaintiff, unreasonably or with malice withheld his consent to the approval of Gizang. *(See, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 108 AD2d 351, 354 [1st Dept 1985].)

Plaintiff's seventh cause of action is in prima facie tort. The requisite elements of a cause of action for prima facie tort are "(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful". *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 332 [1983]; *see also, Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143 [1985].) There can be no cause of action for prima facie tort

unless malevolence is the sole motive for a defendant's otherwise lawful act. In other words the defendant must act from " 'disinterested malevolence' ". *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d, *supra,* at 333, quoting *American Bank & Trust Co. v Federal Bank,* 256 US 350, 358 [1921].)

Plaintiff alleges in both the original and proposed amended complaint not only that Waldman and the other defendants were motivated by a desire to force her to sell her shares at a low price but that they were also motivated (1) by a desire to obtain use of the roof and twelfth-floor landing and (2) by their own financial interest. The allegations of pecuniary and other motives negate a cause of action for prima facie tort. *(See, Royal Abstract Corp. v Golenbock & Barell,* 129 Misc 2d 929 [Sup Ct, NY County 1985], *affd* 121 AD2d 852 [1st Dept 1986].)* Moreover, plaintiff has failed to causally relate the special damages, allegedly caused by the failed sale, to any specific action by Waldman.

The original complaint alleges as its eighth cause that the acts of defendants resulted in an intentional infliction of emotional distress. The proposed amended complaint adds that Waldman "made threats against the plaintiff, intentionally and maliciously interfered with the plaintiff's effort to sell her apartment, exerted psychological pressure on the plaintiff, and actively used his influence * * *. to ensure that the plaintiff would be unable to sell". More specifically, both complaints allege that in May of 1987, at a shareholders' meeting, Waldman stated to plaintiff's husband that he (Waldman) would make the Smuklers' life in the building "miserable" and that he would prevent them from selling their apartment at a profit.

The tort of intentional infliction of emotional distress requires extreme and outrageous conduct, intentionally or recklessly causing severe emotional damage. *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303 [1983].)* These communications were neither extreme nor outrageous. Nor were they made directly to plaintiff. *(See,* Prosser and Keeton, Torts § 12, at 65 [5th ed].)* Nor does plaintiff allege that Waldman was responsible for an anonymous note mailed to Gizang.

No action for civil conspiracy is cognizable in law. A plaintiff first must plead specific wrongful acts which constitute an independent tort. *(Satin v Satin,* 69 AD2d 761, 762 [1st Dept 1979].)* The pleading of a conspiracy may be made only to connect the actions of the individual defendants with an

actionable injury and to establish that these acts flow from a common scheme or plan. *(Cunningham v Hagedorn,* 72 AD2d 702, 704 [1st Dept 1979].)

The IAS court, therefore, correctly dismissed the complaint as against Waldman. The repleaded causes were also legally insufficient. *(Travelers Ins. Co. v Ferco, Inc.,* 122 AD2d 718, 719-720 [1st Dept 1986].)￼Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.