JOHN'S INSULATION, INC., Plaintiff,

v.

SISKA CONSTRUCTION COMPANY, INC., a/k/a Siska Construction Co., Inc., a/k/a Siska Construction, Inc., Defendant.

UNITED STATES for the Use of SISKA CONSTRUCTION COMPANY, INC., Plaintiff,

v.

JOHN'S INSULATION, INC. and Hartford Accident & Indemnity Company, Defendants.

Nos. 87 Civ. 566 (WCC), 88 Civ. 8352 (WCC).

United States District Court, S.D. New York.

Sept. 11, 1991.

---

See also 671 F.Supp. 289.

Max E. Greenberg, Cantor, Trager & Toplitz, New York City (Mark A. Rosen, of counsel), for John's Insulation, Inc.

Meagher & Meagher, Binghamton, N.Y. (Frederick J. Meagher, of counsel), for Siska Const. Co., Inc.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge.

This action arises out of a construction project known as "O.S.H.A. Deficiencies Project" located at Fort Devens, Massachusetts. The Department of the Army awarded a contract to John's Insulation Inc. ("John's") to perform the work. John's then entered into a written subcontract agreement with Siska Construction Company, Inc. ("Siska") to perform most of the general contract work at the Fort Devens site. In April 1986, John's allegedly was directed by the Army to terminate Siska's subcontract. Affidavit of John Fenn ("Fenn Aff.") at ¶ 3. In that same month John's terminated the contract. The action is presently before the Court on Siska's motion for summary judgment. Also before the Court is John's cross-motion to dismiss the second, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth counts of Defendants' Amended Counterclaim on the ground that said counts fail to state claims against John's for which relief can be granted. In the alternative, John's moves for summary judgment dismissing said counts of the counterclaim on the grounds that there are no genuine issues of material fact.

## FACTS

John's filed suit against Siska in the Supreme Court of the State of New York, New York County in December 1986 for breach of contract. In January 1987 Siska removed the action to this Court on the basis of diversity of citizenship. Subsequent to John's filing suit, Siska brought suit under the Miller Act, 40 U.S.C. §§ 270a–270d (1982), against John's and Hartford Accident and Indemnity Company, the surety on John's payment bond, in the United States District Court for the District of Massachusetts. The Massachusetts action was for John's alleged failure of payment on the Fort Devens construction contract. It was transferred to this Court and consolidated for trial with the action pending here.

John's maintains that the termination of Siska's subcontract was warranted because of Siska's poor workmanship, failure to follow direction and unauthorized deviations from contract requirements. John's asserts that the termination was procedurally proper under the terms of the subcontract agreement.

Siska claims that such termination was wrongful and came at the behest of the Army's contracting officer. It argues that its performance was proper and that the Army's contracting officer was without authority to direct that John's terminate Siska. It alleges that it was removed from the project improperly so as

> to silence any criticism of the site engineer's ineptitude, to bury the fact that the government had awarded contracts to several firms to perform the same work, that there were embarrassing shortcomings in the plans, and that the defendants would be able to pocket the earnings due to the plaintiff through its participation in illegal and conspiratorial act [sic].

Siska Brief at 8–9. John's counters that, regardless of whether or not the officer had the authority to direct John's to terminate Siska, the termination of Siska's subcontract was warranted based upon Siska's failure to perform properly.

Siska claims that it was entitled to notice and an opportunity for a hearing pursuant to the prime contract and certain federal regulations. John's, however, asserts that the notice and other procedural requirements to which Siska refers are contained in John's prime contract with the government and are rights and protections afforded John's by the government. Fenn Aff. at ¶ 13. John's maintains that the subcontract between John's and Siska contains no such provisions and affords Siska no such

rights.[1] Siska had no contract with the government.

Despite its assertion that Siska was not entitled to notice or a hearing, John's alleges Siska *was* given notice of deficiencies in its performance but took no action to correct any of the deficiencies. Fenn Aff. at ¶ 14. Nor, maintains John's, did it request an opportunity to do so. *Id.* In addition, John's asserts, Siska failed to protest the termination or to request John's to submit a claim on its behalf to the government.[2] By failing timely to protest the termination or to submit a claim to John's for submission to the government, Siska is alleged to have deprived John's of the opportunity to present the issue of the propriety of the termination, as well as its allegations of conspiracy, to the Army for review in accordance with the Act. Fenn Aff. at ¶ 15.

Siska alleges that it was not paid for the work it performed on the project. Siska claims an unpaid balance of $104,092 due for work performed. Defendants' Amended Counterclaim at ¶¶ 4, 40. John's submits that Siska's claims as asserted in this action are grossly inflated and fabricated for the purposes of this litigation. John's argues that of the $41,205, which on August 18, 1986 Siska claimed to have been due for work performed on the contract, $33,175 was paid by John's to subcontractors and suppliers of Siska whom Siska had refused to pay subsequent to its termination. Fenn Aff. at ¶¶ 18–19. John's alleges that since the time of Siska's alleged default, John's has had to perform extensive repair work and to complete the remaining portion of Siska's work. John's alleges that the costs incurred by John's in completing and correcting Siska's work far exceeded the balance of Siska's subcontract price that remained unpaid.

## DISCUSSION

*Siska's Motion for Summary Judgment*

■ Rule 56(c), Fed.R.Civ.P., provides that summary judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The burden is on the moving party to demonstrate the absence of a material, factual dispute. Fed.R.Civ.P. 56(e); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). "In considering the motion, the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Knight v. U.S. Fire Insurance Company*, 804 F.2d 9, 11 (2d Cir.1986), *cert. denied*, 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Thus, "[s]ummary judgment is appropriate when, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the nonmoving party." *Lund's, Inc. v. Chemical Bank*, 870 F.2d 840, 844 (2d Cir.1989).

Siska's motion for summary judgment is denied.[3] Material issues of fact exist as to

---

1. The provisions upon which Siska relies obligate Siska to comply with the requirements of the prime contract as they pertain to Siska's work. The subcontract states:

 The Subcontractor shall perform said work in a first class workmanlike manner in accordance with the terms of the Prime Contact, and to the approval and acceptance of the Contractor and the Owner and/or its representatives, and the Subcontractor agrees to be bound by, conform to, and comply with, as obligations on it, every obligation, undertaking warranty, guaranty and assumption of risk contained in the Prime Contract concerning the work under this Subcontract.

2. John's contract with the Army was subject to the Contract Disputes Act of 1978 ("the Act"), 41 U.S.C. § 601 et seq. This provides the procedure by which claims arising out of a contract are submitted to the government for review. If subcontractors have claims arising out of the Army's actions on the project, they are to be submitted to the prime contractor who then submits them to the Army in accordance with the requirements of the Act.

3. Siska has also moves to dismiss John's claims against it pursuant to Rule 12(b)(6) F.R.C.P., alleging that since the termination order was inappropriate and unlawful, John's has no cause of action against Siska. This Court, concluding that John's makes a viable argument that Siska was removed from the project for poor workmanship, hereby denies Siska's motion to dismiss.

the motive and circumstances surrounding Siska's termination. There is an issue of fact as to whether Siska was removed from the project for cause; whether the termination of Siska's subcontract was procedurally proper; and whether Siska was paid all sums to which it was entitled.[4]

Siska makes a number of allegations including conspiracy, denial of due process and antitrust violations. The essence of Siska's claims, however, appears to be that its subcontract on a certain construction project was wrongfully terminated. John's maintains that the termination of Siska's subcontract was justified and warranted due to Siska's alleged failure to perform satisfactorily its work on the contracts. John's supporting affidavit gives numerous examples of defective and incorrect work performed by Siska and of Siska's failure to follow the project plans and specifications. On its behalf, Siska asserts that its performance was adequate. The issue of the adequacy of a contractor's performance on a construction project, particularly in determining whether a termination was proper, is not one that should be decided summarily on motion.

In support of its claim of improper termination, Siska relies mainly on what it claims is the Army's finding, made several years after the fact, that the termination was "unjustified and unlawful." The Army made no such finding. The Army only found that the Resident Engineer did not have authority to direct John's to terminate a subcontractor. The report does not address whether termination of Siska's subcontract was warranted based upon Siska's alleged failure to perform. Regardless of the Army's authority, or lack thereof, that is the issue that must be determined.

Siska argues that the termination was procedurally improper. Siska maintains that it stands in the shoes of the contractor and therefore has rights under the master contract. John's asserts that no rights afforded it under the prime contract are conferred through to Siska and that, with respect to termination, Siska cannot be entitled to notice or a hearing or other due process from the government. Whether the termination of Siska's contract was procedurally proper is a question not justiciable on this motion for summary judgment.

Siska fails to make the requisite showing as to liability to succeed on a motion for summary judgment. In addition, Siska fails to submit any support for its alleged costs. Nor its there any explanation as to how the damages are calculated. Such unsupported claims for damages cannot be granted on a motion for summary judgment.

### John's Motion to Dismiss

In order to prevail on a motion to dismiss, the moving party must demonstrate "beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir.1984), *cert. denied*, 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). A court must take the factual allegations of the non-moving party's pleadings as true and construe them in the light most favorable to that party. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dwyer v. Regan*, 777 F.2d 825, 828–829 (2d Cir.1985), *reh'g denied*, 793 F.2d 457 (2d Cir.1986).

John's cross-moves to dismiss the second, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth counts of Defendants' Amended Counterclaim on the basis that said counts fail to state causes of action upon which relief can be granted.

■ Count Two of Defendants' Amended Counterclaim asserts a claim based upon

---

**4.** It should also be noted that defendant has failed to file the statement of material facts as to which the moving party contends there is no genuine issue to be tried, as required by Local Rule 3(g). This rule provides that failure to submit the statement required by Rule 3(g) constitutes grounds for denial of the motion. Failure to provide this document in the instant case is particularly troublesome because of the rambling and vague nature of many of defendant's claims. The motion for summary judgment is denied on other grounds, however.

quantum meruit. It is well settled in New York that the existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi contract, or quantum meruit, for events arising out of the same subject matter.[5] *Clark–Fitzpatrick, Inc. v. Long Island Rail Road Company*, 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). In the present case, there is a valid enforceable written subcontract agreement. Accordingly, there can be no claim for quantum meruit. Hence, Siska's second counterclaim is dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.

█ The twelfth and sixteenth counts of Defendants' Amended Counterclaim assert claims for damages under 42 U.S.C. § 1983. Siska's reliance on these statutes is misplaced. The terms of 42 U.S.C. § 1983 make plain the two elements that the aggrieved party must prove for recovery, that (i) the defendant deprived him of a right secured by the "Constitution and laws" and that (ii) the defendant deprived him of this right under color of State law. *Adickes v. S.H. Kress & Co., supra*, 398 U.S. at 150, 90 S.Ct. at 1604. Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983. *District of Columbia v. Carter*, 409 U.S. 418, 424–25, 93 S.Ct. 602, 606–07, 34 L.Ed.2d 613 (1973). The only government actor involved in the instant matter is the Department of the Army, an arm of the Federal Government. On that basis alone, these causes of action must be dismissed. Moreover, the contract in question was between two private parties. The counterclaim does not allege that John's acted under color of State law, nor can this court find any factual allegations which would justify an inference that John's acted under color of State law.[6] Given the absence of any "color of state law" as contemplated by 42 U.S.C. § 1983, Siska's twelfth and sixteenth counterclaims are dismissed pursuant to Rule 12(b)(6) Fed.R.Civ.P.[7]

█ Defendants' eleventh counterclaim asserts claims for damages for conspiracy. Civil conspiracy is not of itself actionable under New York law.[8] *Ghazoul v. International Management Services, Inc.*, 398 F.Supp. 307 (S.D.N.Y.1975). "The damage for which recovery may be had in a civil action is not the conspiracy itself but the injury to the plaintiff produced by specific overt acts." *Rutkin v. Reinfeld*, 229 F.2d 248, 252 (2d Cir.1956), *cert. denied*, 352 U.S. 844, 77 S.Ct. 50, 1 L.Ed.2d 60 (1956). A claimant must plead specific wrongful acts which constitute an independent tort. *Valdan Sportswear v. Montgomery Ward & Co.*, 591 F.Supp. 1188 (S.D.N.Y.1984); *Smukler v. 12 Lofts Realty, Inc.*, 156 A.D.2d 161, 548 N.Y.S.2d 437 (1st Dept. 1989). "The charge of conspiracy in a civil action is merely the string whereby the

---

**5.** The subcontract entered into between Siska and John's contained a forum selection and choice of law provision which provided:
> This contract shall be interpreted according to the laws of the State of New York, and any action hereunder shall be commenced in the Supreme Court of the State of New York.

This Court upheld the validity of this provision in a decision rendered on October 9, 1987. *John's Insulation, Inc. v. Siska Construction Co. et al.*, 671 F.Supp. 289 (S.D.N.Y.1987).

**6.** Siska asserts that his property rights, "including the benefits of the contract and the employment enjoyed thereunder on a contract involving interstate commerce, and publicly funded, were deprived without benefit of due process by a private individual acting in consort with government actors under color of government office." Defendants' Amended Counterclaims ¶ 68. The Courts have held that even contractors who have a direct contract with the government do not have a property interest in the non-termination of that contract so as to give rise to a claim for denial of due process. The contractor's remedy is a breach of contract action. *S & D Maintenance Co. v. Goldin*, 844 F.2d 962 (2d Cir.1988); *Rivera Diaz v. Puerto Rico Telephone Co.*, 724 F.Supp. 1069 (D.Puerto Rico 1989).

Siska, as noted above, does not hold a prime contract with the government. It is a subcontractor to a private party.

**7.** In Count Sixteen of its counterclaim, Siska also claims that it is entitled to recover under 18 U.S.C. § 1961, the definitional section for RICO. The particular section cited by Siska does not provide for civil remedies and thus cannot be cited by Siska to state a claim for which relief may be granted.

**8.** A civil conspiracy is a combination of two or more persons to do an unlawful act by unlawful means or for an unlawful purpose. *Ammlung v. Chester*, 494 F.2d 811, 814 (3d Cir.1974).

plaintiff seeks to tie together those who, acting in concert, may be held responsible in damages for any overt act or acts." *Rutkin v. Reinfeld, supra,* 229 F.2d at 252. Allegations of a civil conspiracy, therefore, are proper only for the purpose of establishing joint liability by co-participants in tortious conduct. *Grove Press, Inc. v. Angleton,* 649 F.2d 121, 123 (2d Cir.1981).

■ The focus or goal of the alleged conspiracy between John's and the Department of the Army, as set forth in Count Eleven, was an improper termination of a contract. A breach of contract is not to be considered a tort unless a legal duty independent of the contract itself has been violated. The legal duty must spring from circumstances extraneous to and not constituting elements of the contract. *Clark–Fitzpatrick, Inc. v. Long Island Rail Road Company,* 70 N.Y.2d 382, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987). Siska alleges that John's failed to provide suitable plans, to superintend and monitor the work, and to effect the timely resolution of disputes. Siska Memorandum of Law at ¶ 34. Each of these allegations, however, is merely a restatement of "implied" contractual obligations. Merely charging a breach of a duty of due care does not, without more, transform a simple breach of contract into a tort claim.

■ Siska also alleges in Count Eleven that John's conspired to and did deprive Siska of its materials, supplies, tools, goods and wares through the abuse of authority. *See* Defendants' Amended Counterclaim at ¶ 47. Taking all factual allegations of the complaint as true and drawing all reasonable inferences in favor of the non-moving party, as the Court is compelled to do on a motion to dismiss, this Court concludes that Siska has alleged a colorable claim for conversion of property independent of the alleged conspiracy. Accordingly, Count Eleven of Defendants' Amended Counterclaim is dismissed but for its claims of conversion of property.

In Counts Fifteen and Eighteen of Defendants' Amended Counterclaim Siska alleges that John's participated in a conspiracy not only to terminate Siska's participation on the O.S.H.A. Deficiencies project but also to deprive Siska of subsequent prime contract awards with "all government agencies and ruin his business." Defendants' Amended Counterclaim at ¶ 79. As discussed above, Siska's allegations of civil conspiracy do not state claims for which relief can be granted.

■ The focus or goal of the alleged conspiracy between John's and the Department of the Army, as set forth in Counts Fifteen and Eighteen, was the ruination of Siska's business through "libel, slander, false swearings, [and] subornation to perjury [sic]." Siska claims that John's "contributed several documents for these purposes." Defendants' Amended Counterclaim at ¶ 63. Siska alleges in Count Eighteen that it lost potential profit on three contracts "denied because of John's wrongful termination of Siska, and its false swearings, and libelous statements...." Defendants' Amended Counterclaim at ¶ 77. While Siska fails to specify precisely which documents and statements support its allegations of libel and slander, it does in Counts Fifteen and Eighteen plead specific wrongful acts sufficient to raise colorable tort claims independent of the alleged conspiracy. Accordingly, Counts Fifteen and Eighteen of the Amended Counterclaim are dismissed but for their allegations of libel and slander.[9]

■ In the fourteenth count of the amended counterclaim Siska alleges "a combination and a conspiracy causing an unreasonable restraint of trade" in violation of the antitrust laws, 15 U.S.C. §§ 1 et seq. The basis for this claim is the allegation that John's engaged in concerted action to deny Siska the benefit of other government contracts following its removal from the O.S.H.A. Deficiencies Project. The standard to be applied on a motion to dismiss for failure to state a claim is even more stringent in evaluation of antitrust claims, where proof is in the hands of the

---

**9.** In Count Eighteen Siska also alleges violations of the federal antitrust laws. 15 U.S.C. §§ 1 et seq. These claims are dismissed for lack of any factual support.

alleged conspirators. *See Poller v. Columbia Broadcasting System, Inc.*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). However, conclusory allegations which merely recite the litany of antitrust will not suffice. This court retains the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed. *See, Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n. 17, 103 S.Ct. 897, 903 n. 17, 74 L.Ed.2d 723 (1983).

Count Fourteen makes only the barest allegations of antitrust violations and offers no support for Siska's legal conclusions. In the instant case, Siska's allegations of restraint of trade are mere statements of a legal conclusion. The complaint alleges no competitive injury in the antitrust sense, defines no market, refers to no market-wide anticompetitive effects, actual or probable. Absent any allegations of fact tending to show a lessening of competition in interstate commerce or other public injury, Siska has failed to state a cause of action for which relief can be granted under the antitrust laws. Moreover, Siska's allegations of conspiracy are grossly insufficient. A general allegation of conspiracy, such as made in the Amended Counterclaim, is a mere allegation of a legal conclusion and is inadequate of itself to state a cause of action. Accordingly, Count Fourteen of the Defendants' Amended Counterclaim is dismissed for failure to state a claim.

The nineteenth count of Siska's counterclaim appears to go to the issue of mitigation of damages. This Court, concluding that dismissal of such a claim at this juncture would be inappropriate, hereby denies John's motion to dismiss with respect to Count Nineteen of Defendants' Counterclaim.

■ In the thirteenth count of its counterclaim, Siska alleges a conspiracy between John's and the government actors to commit certain criminal violations. Siska's conclusory allegations of conspiracy fail to state a claim upon which relief can be granted. This Court turns, therefore, directly to the alleged underlying criminal violations. The first such violation involves an alleged conspiracy "hatched between Mr. John H. Fenn and the government actors to withhold payment for on-going work, and to steal, purloin or convert articles and objects belonging to the subcontractor, in violation of Title 18 U.S.C.A. Chapter 31, Section 641." Defendants' Amended Counterclaim at ¶ 57. Section 641 deals with embezzling, stealing, purloining or knowingly converting property of the United States. Such a claim should be asserted by the government, not Siska. If the property involved in a dispute does not belong to the United States then no violation of § 641 is possible. Theft of property belonging to the subcontractor, Siska, is not contemplated by 18 U.S.C. § 641.

■ The second alleged violation is of 18 U.S.C. § 245(c). Siska's claim appears to be that by terminating Siska's subcontract, John's deprived Siska of employment. This federal criminal statute, 18 U.S.C.A. § 245, which permits federal prosecution for interference with a list of federally protected activities, confers neither substantive rights nor a private right of action for damages. *Dugar v. Coughlin*, 613 F.Supp. 849, 852 (S.D.N.Y.1985).

■ The third alleged violation is of the Hobbs Act, 18 U.S.C. § 1951. Under the Hobbs Act:

[w]hoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined not more than $10,000 or imprisoned not more than twenty years of both.

18 U.S.C. § 1951(a). There is no implied private cause of action under the Hobbs Act. *Peterson v. Philadelphia Stock Exchange*, 717 F.Supp. 332, 336 (E.D.Pa.1989); *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097, 1099 (D.Colo.1986).

Since 18 U.S.C.A. § 245 and 18 U.S.C. § 1951 only provide for criminal sanctions, and since Siska's claims do not involve any property of the United States, Count Thirteen of Defendants' Amended Counterclaim fails to state a claim for which relief can be granted.

 Count Seventeen of Defendants' Amended Counterclaim purports to plead a claim for tortious interference with contract. Siska claims "upon information knowledge and belief, Mr. John H. Fenn had clandestine meetings with firms and individuals under contract to Siska and induced them to break contract with Siska and enter contract directly with John's." Defendants' Amended Counterclaim at ¶ 70. A claimant seeking recovery for tortious interference with contract must prove (1) the existence of a valid contract between claimant and another, (2) defendant's knowledge of that contract, (3) defendant's intentional interference with or procurement of breach of that contract and (4) damages. *Perry v. International Transport Workers' Federation,* 750 F.Supp. 1189 (S.D.N.Y.1990). While Siska's references to specific contractors are vague and confusing, it does enumerate particular subcontractors whose breaches John's is alleged to have induced. *See* Defendants' Amended Complaint at ¶ 72. Moreover, Siska alleges that official government records "memorialize when the secret meetings took place, who was present, and what was discussed." Siska Memorandum at ¶ 44. While John's claims that its contacts with contractors were motivated only by legitimate business purposes, John's intent is a question of fact not appropriately addressed on a motion to dismiss. John's motion to dismiss Count Seventeen of the Defendants' Amended Counterclaim is hereby denied.

John's motion to dismiss Count Twenty of Defendants' Amended Counterclaim, a plea for attorneys fees, as well as its prayer for Rule 11 sanctions are also denied.

## CONCLUSION

For the reasons stated above, Siska's motion for summary judgment is denied.

John's cross-motion to dismiss the second, eleventh, twelfth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth and twentieth courts of Defendants' Amended Counterclaim is granted in part and denied in part. Counts Two, Twelve, Thirteen, Fourteen, and Sixteen of Defendants' Amended Counterclaim are hereby dismissed in their entirety pursuant to Rule 12(b)(6) Fed.R.Civ.P. Counts Eleven, Fifteen, and Eighteen are dismissed pursuant to Rule 12(b)(6) but for their respective allegations of conversion of property, libel, and slander. John's Cross–Motion is denied with respect to Counts Seventeen, Nineteen and Twenty of Defendants' Amended Counterclaim. John's motion for sanctions under Rule 11, Fed.R.Civ.P. is also denied.

SO ORDERED.