**Wes COOLEY, Plaintiff,**

v.

**Phil KEISLING, Secretary of State, for the State of Oregon, Defendant.**

**No. CIV. 98–1115–HU.**

United States District Court,
D. Oregon.

June 9, 1999.

Wes Cooley, Bend, OR, pro se.

David Leith, Assistant Attorney General, Oregon Department of Justice, Salem, OR, for Defendant.

## ORDER

FRYE, District Judge.

The Honorable Dennis James Hubel, United States Magistrate Judge, filed Findings and Recommendation on April 27, 1999. Plaintiff filed timely objections to the Findings and Recommendation. When either party objects to any portion of a magistrate judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the magistrate judge's report. 28 U.S.C. § 636(b)(1); *McDonnell Douglas Corp. v. Commodore Business Machines, Inc.,* 656 F.2d 1309, 1313 (9th Cir.1981), *cert. de-*

*nied,* 455 U.S. 920, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). The matter is before this court pursuant to 28 U.S.C. § 636(b)(1)(B) and Fed.R.Civ.P. 72(b).

This court has, therefore, given *de novo* review of the rulings of Magistrate Judge Hubel. This court ADOPTS the Findings and Recommendation of Magistrate Judge Hubel dated April 27, 1999 in its entirety.

IT IS HEREBY ORDERED that defendant's motion to dismiss (# 4) is GRANTED; defendant's motion to dismiss (# 12) is DENIED; and plaintiff's motion for summary judgment (# 7) is DENIED.

## FINDINGS AND RECOMMENDATION

HUBEL, United States Magistrate Judge:

Wes Cooley ("plaintiff") filed this declaratory judgment action against Phil Keisling ("defendant"), in his capacity as the Secretary of State for the State of Oregon, to challenge a provision of Oregon law dealing with elections. Before the court are defendant's motions (# # 4 & 12) to dismiss and plaintiff's motion (# 7) for summary judgment.

## BACKGROUND

Plaintiff ran in the Republican Party Primary for Oregon's Second Congressional District in the May 1998, Primary Election. Plaintiff did not win. Subsequently, the Oregon Reform Party nominated plaintiff to run as that party's candidate for the Second Congressional District. The Secretary of State's office rejected the Reform Party's filing for the Second Congressional District pursuant to O.R.S. § 249.048, which states:

No candidate for nomination of a major political party to a public office who fails to receive the nomination shall be entitled to be the candidate of any other political party or to become an independent candidate for the same office at the succeeding general election. The filing

officer shall not certify the name of such a candidate.

## STANDARD

Summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). If the moving party shows there are no genuine issues of material fact, the non-moving party must go beyond the pleadings and set forth specific facts, by affidavit or other admissible evidence, showing there is an issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A scintilla of evidence, or evidence that is merely colorable or not significantly probative, does not present a genuine issue of material fact. *United Steelworkers of America v. Phelps Dodge,* 865 F.2d 1539, 1542 (9th Cir.), *cert. denied,* 493 U.S. 809, 110 S.Ct. 51, 107 L.Ed.2d 20 (1989).

A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove "no set of facts in support of his claim which would entitle him to relief." *Parks School of Business, Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995); *see also Mountain High Knitting, Inc. v. Reno,* 51 F.3d 216, 218 (9th Cir.1995). The court must treat all facts alleged in the complaint as true. *Parks School of Business, Inc.,* 51 F.3d at 1484. All doubts are resolved in favor of the nonmoving party. *Everest and Jennings v. American Motorists Ins.,* 23 F.3d 226, 228 (9th Cir.1994).

## DISCUSSION

Plaintiff claims that O.R.S. § 249.048 violates 18 U.S.C. § 245 and seeks a declaration that the Oregon statute is null and void. On October 14, 1998, plaintiff moved for summary judgment. Subsequent to plaintiff's motion, the court ordered plaintiff to comply with Fed.R.Civ.P. 56 and this court's local rules regarding summary judgment. Plaintiff's memorandum in support of summary judgment alleges that O.R.S. § 249.048 not only violates 18 U.S.C. § 245, but also violates the Reform Party's and plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

■ Because plaintiff is proceeding without the assistance of counsel, the court will construe his pleadings very liberally. 18 U.S.C. § 245 is a criminal statute and does not grant the plaintiff a private right of action. The enforcement of this provision of federal law rests in the discretion of the Attorney General of the United States. Plaintiff's assertion that the Attorney General of Oregon has a duty to prosecute defendant for violation of this federal law is misplaced. Plaintiff may not challenge the Oregon statute on the basis of this federal law. *John's Insulation, Inc. v. Siska Constr. Co.,* 774 F.Supp. 156, 163 (S.D.N.Y.1991). Therefore, the court will proceed as if plaintiff challenges the Oregon statute under the First and Fourteenth Amendments to the United States Constitution.[1]

■ Defendant filed two motions to dismiss. The first motion seeks dismissal based on defendant's argument that the United States Supreme Court has already upheld the validity of a similar "sore loser"[2] statute in *Storer v. Brown,* 415 U.S. 724, 94 S.Ct. 1274, 39 L.Ed.2d 714 (1974). Defendant then filed a supplemental motion to dismiss, arguing plaintiff's com-

---

1. *See Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 117 S.Ct. 1364, 1369, 137 L.Ed.2d 589 (1997)(First Amendment protects the right of citizens to associate and form political parties to promote common goals). In *Timmons,* the Supreme Court assessed whether a Minnesota election law violated plaintiffs' associational rights under the First and Fourteenth Amendments of the United States Constitution. 117 S.Ct. at 1370. The court will assume plaintiff intends to raise this challenge to the Oregon statue.

2. *Anderson v. Celebrezze,* 460 U.S. 780, 784 n. 2, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983).

plaint is moot because the general election plaintiff complains of has past.

Defendant argues plaintiff's complaint is moot because plaintiff sought to have his name placed on the ballot for the general election in November 1998, which has past, and therefore, no actual controversy exists. Defendant's argument is misplaced. Plaintiff challenges the constitutionality of a Oregon Statute. The reason plaintiff was excluded from the ballot could arise again in the future, with the same challenge from another person interested in serving in an elected office. Thus, there is an actual controversy and defendant's mootness argument should be rejected. *Storer*, 415 U.S. at 737 n. 8, 94 S.Ct. 1274. In *Storer*, the Court stated:

> The 'capable of repetition, yet evading review' doctrine, in the context of election cases, is appropriate when there are 'as applied' challenges as well as in the more typical case involving only facial attacks. The construction of the statute, an understanding of its operation, and possible constitutional limits on its application, will have the effect of simplifying future challenges, thus increasing the likelihood that timely filed cases can be adjudicated before an election is held.

*Id. See also Anderson v. Celebrezze,* 460 U.S. 780, 784 n. 3, 103 S.Ct. 1564, 75 L.Ed.2d 547 (1983). Because plaintiff challenges the constitutionality of the Oregon statute under the federal constitution and the controversy at issue is capable of repetition, this case is not moot.

■ When analyzing whether a state election law unconstitutionally infringes upon the associational rights of plaintiff under the First and Fourteenth Amendments, the court must "weigh the character and magnitude of the burden the State's rule imposes on those rights against the interest the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary." *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 117

S.Ct. 1364, 1370, 137 L.Ed.2d 589 (1997)(internal quotations omitted).

> Regulations imposing severe burdens on plaintiffs' rights must be narrowly tailored and advance a compelling state interest. Lesser burdens, however, trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions.

*Id.* (internal quotations omitted).

> The impact of candidate eligibility requirements on voters implicates basic constitutional rights.... [I]t 'is beyond debate that freedom to engage in association for the advancement of beliefs and ideas is an inseparable aspect of the 'liberty' assured by the Due Process Clause of the Fourteenth Amendment, which embraces freedom of speech.'

*Anderson,* 460 U.S. at 787, 103 S.Ct. 1564 (quoting *Williams v. Rhodes,* 393 U.S. 23, 30–31, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968)). However, states do have the right to enact reasonable regulations concerning elections, parties and ballots. *Timmons v. Twin Cities Area New Party,* 520 U.S. 351, 117 S.Ct. 1364, 1369, 137 L.Ed.2d 589 (1997).

■ In *Storer*, plaintiffs challenged several provisions of the California Elections Code. 415 U.S. at 727–28, 94 S.Ct. 1274. Two of the California provisions at issue read:

> A candidate whose name has been on the ballot as a candidate of a party at the direct primary and who has been defeated for that party nomination is ineligible for nomination as an independent candidate.

> .    .    .    .    .

> A candidate who fails to receive the highest number of votes for the nomination of the political party with which he was registered as affiliated on the date his declaration of candidacy or declaration of acceptance of nomination was filed with the county clerk cannot be the candidate of any other political party.

415 U.S. at 749, 751, 94 S.Ct. 1274 (quoting Cal. Elec.Code §§ 6402(a) & 6611 (Supp. 1974)).

While upholding the exclusion of plaintiffs from the California ballot based on a different provision of the elections code, the Court did discuss the California provisions analogous to O.R.S. 249.048.

§§ 6402 and 6611 provide that a candidate who has been defeated in a party primary may not be nominated as an independent or be a candidate of any other party; and no person may file nomination papers for a party nomination and an independent nomination for the same office, or for more than one office at the same election.

.        .        .        .        .

A candidate in one party primary may not now run in that of another; if he loses in the primary, he may not run as an independent; and he must not have been associated with another political party for a year prior to the primary.

.        .        .        .        .

The State's general policy is to have contending forces within the party employ the primary campaign and primary election to finally settle their differences. The general election ballot is reserved for major struggles; it is not a forum for continuing intraparty feuds. The provision against defeated primary candidates running as independents effectuates this aim, the visible result being to prevent the losers from continuing the struggle and to limit the names on the ballot to those who have won the primaries and those independents who have properly qualified.

415 U.S. at at 733–735, 94 S.Ct. 1274.

Contrary to defendant's assertion, *Storer* to did not expressly uphold the so-called "sore loser" provision of California law that is essentially identical to O.R.S. § 249.048. Nonetheless, the Supreme Court did discuss the analogous California provisions approvingly. Like in *Storer*, the State of Oregon has an interest in avoiding further intra-party feuding by restricting "sore loser" candidates from running again in the general election. The general election is reserved for candidates with broad based support. Oregon's "sore loser" law is not a severe burden on plaintiff's rights, and even if it were, it is narrowly tailored to advance the compelling state interest approved by the Supreme Court in *Storer*.

Additionally, the disaffiliation provision upheld expressly in *Storer* is stricter than the regulation on elections found in Oregon's "sore loser" provision. The provision of California law upheld as constitutional barred independent candidates from the general election if that candidate was affiliated with a political party in the immediately preceding primary election.[3] *Storer*, 415 U.S. at 752, 94 S.Ct. 1274 (quoting Cal. Elec.Code § 6803(d)). The Oregon provision only bars candidates from the general election if he or she lost as a candidate for another party in the preceding primary.

Contrary to plaintiff's statements at oral argument, the Oregon law does not deprive the Reform Party of placing a candidate on the ballot. It merely deprived this individual plaintiff because he had unsuccessfully sought the primary nomination for the Republican Party. This was not a unreasonable burden upon the constitutional rights of the plaintiff or the Reform Party.

At oral argument, defendant seemed to suggest that the court was without jurisdiction to hear this matter pursuant to the recent decision in *Dornan v. Sanchez*, 978 F.Supp. 1315 (C.D.Cal.1997). *Dornan* involved a challenge by the contestant to the 1996 general election for the 46th Congressional District seat in the United States

---

**3.** Plaintiffs were registered Democrats until early 1972. *Storer*, 415 U.S. at 728, 94 S.Ct. 1274. Both men were barred from the 1972 general election under Cal. Elec.Code § 6803(d), among others. *Id.*

House of Representatives under the Federal Contested Elections Act ("FCEA"), 2 U.S.C. § 381 *et seq.* 978 F.Supp. at 1317. The FCEA allows individuals to challenge the election of another person to the House of Representatives, with the House making the ultimate decision. That act also allows for discovery in the contested. cases with some involvement by the federal court. *Id.* at 1317. In *Dornan,* the court decided only the constitutionality of the discovery provision of the FCEA. *Id.* at 1318. Plaintiff in this case does not challenge the election of a successful candidate.

Instead, plaintiff challenges a state statute that regulates elections. *Dornan* does not provide support for the argument that the court is without jurisdiction to decide this question. The cases relied upon by this court all entail challenges to various state laws regulating elections. The court's jurisdiction to decide the constitutionality of a state law regulating federal elections is clear. *Timmons,* 117 S.Ct. at 1370.

Plaintiff asserted in his complaint that the O.R.S. § 249.048 was invalid and moved for summary judgment. Defendant argues the law is a reasonable regulation under the reasoning of *Storer* and that plaintiff's complaint should be dismissed for failing to state a claim. Oregon's "sore loser" statute is a reasonable regulation of the state's election scheme. Therefore, I recommend that defendant's motion (# 4) to dismiss BE GRANTED; defendant's motion (# 12) to dismiss BE DENIED; and plaintiff's motion (# 7) for summary judgment BE DENIED.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due May 13, 1999. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, a response to the objections is due May 27, 1999, and the review of the Findings and Recommendation will go under advisement on that date.

April 27th, 1999.