Paul G. SHEARER, Appellant,

v.

Valerie V. MUNDT, Appellee.

No. S–9224.

Supreme Court of Alaska.

Dec. 14, 2001.

---

Paul Shearer, Lake Oswego, OR, pro se.

Valerie V. Mundt, Fairbanks, pro se.

Before FABE, Chief Justice, MATTHEWS, EASTAUGH, BRYNER, and CARPENETI, Justices.

*OPINION*

PER CURIAM.

Paul Shearer appeals from the denial of his motion for attorney's fees, claiming that, as a prevailing party, he is entitled to fees under Alaska Civil Rule 82. Shearer, a pro se litigant, argues that the trial court erred in relying on *Alaska Federal Savings and Loan Ass'n v. Bernhardt*[1] to deny him attorney's fees. He claims that *Alaska Federal Savings* does not apply to him and that the court failed to give sufficient reasons for denying his motion for fees. In the alternative, he argues that this court should overrule *Alaska Federal Savings* in light of the Alaska Judicial Council's recommendation that this court reconsider its decision to deny attorney's fees to lay pro se litigants while granting them to attorney pro se litigants. Shearer raises state equal protection and civil rights constitutional challenges to this court's disparate treatment of attorney and lay pro se liti-

---

**1.** 794 P.2d 579 (Alaska 1990).

gants. We reject all of Shearer's arguments and affirm the judgment of the trial court.

On January 19, 1999, following a bench trial, the superior court quieted title in Paul Shearer to a parcel of land in Kantishna described as the northerly 330 feet, excluding the westerly 330 feet, of Rainy No. 5. In so doing, the court invalidated any encumbrances created by Daniel Ashbrook or Valerie Mundt. Shearer defended his title below pro se, and sought costs and Rule 82 attorney's fees. The superior court rejected his claim for attorney's fees, citing *Alaska Federal Savings* for the principle that "[a]ttorney's [f]ees may not be awarded to lay litigants."[2] Pursuant to Shearer's motion for reconsideration, the court permitted Shearer to file a motion for attorney's fees. Shearer filed a motion for attorney's fees, accompanied by his affidavit and a memorandum in support of his motion. The court again denied Shearer's request for fees pursuant to *Alaska Federal Savings*, but awarded Shearer $1801.01 in costs pursuant to Civil Rule 79. Shearer appealed the court's denial of attorney's fees.

■■■ Shearer argues that the superior court erred when it denied him attorney's fees, because attorney's fees are the right of every prevailing party according to Civil Rule 82. However, Rule 82 does not permit awards of attorney's fees to pro se litigants who are not attorneys.[3] The superior court correctly applied the law by denying Shearer's motion for attorney's fees.

Because we have already determined that lay pro se litigants are not entitled to Rule 82 attorney's fees, it is not necessary to address Shearer's arguments that he was a prevailing party, that his fees were reasonable, or that the case was complex and he performed work an attorney would have performed had he hired one. Similarly, Shearer's argument that the superior court erred in failing to conclude that he documented reasonable attorney's fees does not advance his case.

■■ Shearer claims that the court abused its discretion by failing to give a more detailed reason for the denial of his motion for attorney's fees. We have held that while a trial court must explain its reasons for deviating from the fee schedule laid out in Rule 82, the court need not provide its reasons for an award if the fee schedule does not apply.[4] In this case the fee schedule did not apply, but the court nevertheless indicated that it was denying the motion based on *Alaska Federal Savings*, and gave Shearer the citation to the case. Shearer's argument that the court was also required to explain its holding to him is incorrect and we reject it.

Shearer argues that if *Alaska Federal Savings* precludes the trial court from granting him Rule 82 attorney's fees, we should overrule *Alaska Federal Savings*. Shearer argues in particular that the Alaska Judicial Council's findings and recommendation in its Executive Summary of the Council's 1995 report *"Alaska's English Rule: Attorney's Fee Shifting in Civil Cases"* mandate reversing *Alaska Federal Savings*. Reversal of *Alaska Federal Savings*, however, is unwarranted, and we decline the invitation.

■■ We have explicitly held that attorney's fees are not available to lay pro se litigants, because the purpose of Rule 82 is "to partially compensate a prevailing party for the expenses incurred in winning his case."[5] In denying attorney's fees to lay pro se litigants in *Alaska Federal Savings*, we articulated that " 'Attorney's fees presupposes attorney representation."[6] The purpose of Rule 82 attorney's fees is to compensate litigants for fees they incur through legal representation, not to compensate litigants for the economic detriment of litigat-

**2.** *Id.*

**3.** *See id.* at 581–82; *see also Gates v. City of Tenakee Springs*, 822 P.2d 455, 463 (Alaska 1991).

**4.** *See Municipality of Anchorage v. Anchorage Police Dep't Employees Ass'n*, 839 P.2d 1080, 1092 (Alaska 1992).

**5.** *Edwards v. Alaska Pulp Corp.*, 920 P.2d 751, 755 (Alaska 1996) (quoting *Tobeluk v. Lind*, 589 P.2d 873, 876 (Alaska 1979)).

**6.** *Alaska Federal Savings*, 794 P.2d at 581.

ing. The Council Report has no bearing on our holding in *Alaska Federal Savings.*

Shearer argues that permitting pro se litigants who are attorneys to recover attorney's fees while denying the same benefit to lay pro se litigants violates his right to equal protection under the state constitution,[7] as well as the state constitution's prohibition against discrimination on the basis of race, color, creed, sex, or national origin.[8] Because Shearer does not allege that he has been discriminated against on the basis of race, color, creed, sex or national origin, we decline to address his discrimination argument.

■ As to equal protection, Shearer argues tersely that he should be given "equal rights and opportunities to collect Rule 82 fees as a prevailing party" and that article I, section 1 "supports reversing 'AK Fed Savings v Bernhardt' since that original decision allowed discrimination against one class of litigants." As a general matter, issues not briefed or only cursorily briefed are considered waived.[9] Shearer's failure to develop his equal protection argument comprises a waiver of that argument, and we consider it abandoned. Further, the argument is meritless, because attorney and non-attorney pro se litigants are not similarly situated. Attorneys' representational services have a "clear marketable value" whether they "are directed to the representation of others or oneself," whereas the representational services of non-lawyers have no such value.[10] Since

the basis of any equal protection claim is disparate treatment of similarly situated persons,[11] and the latter requirement is not here present, Shearer's equal protection claim would fail even if it were adequately presented.

■ Shearer alternatively urges us to overrule *Sherry v. Sherry,* in which we permitted an award of attorney's fees to pro se attorney litigants.[12] Shearer does not have standing to request such relief, however, because it will not redress his injury.[13] In any event, reversal of *Sherry* is unwarranted, as Shearer has not demonstrated that the disparate treatment of the two categories of pro se litigants violates equal protection rights.

The superior court did not err when it relied on *Alaska Federal Savings* in denying Shearer's motion for attorney's fees pursuant to Rule 82. Shearer is a lay pro se litigant, and is not entitled to attorney's fees under Rule 82. The disparate treatment of lay and attorney pro se litigants does not violate equal protection rights, because these two categories of litigants are not similarly situated. The trial court's denial of Shearer's motion for attorney's fees is AFFIRMED.

---

7. Alaska Const. art. I, § 1.

8. Alaska Const. art. I, § 3.

9. *See Adamson v. University of Alaska,* 819 P.2d 886, 889 n. 3 (Alaska 1991).

10. *See Pratt & Whitney Canada, Inc. v. Sheehan,* 852 P.2d 1173, 1181 (Alaska 1993).

11. *See, e.g., Lauth v. State, Dep't of Health & Soc. Servs.,* 12 P.3d 181, 187 (Alaska 2000).

12. 622 P.2d 960, 966 (Alaska 1981).

13. *See Hoblit v. Commissioner of Natural Resources,* 678 P.2d 1337, 1340 (Alaska 1984) (Under the interest-injury approach, a "party asserting standing [must demonstrate] a sufficient 'personal stake' in the outcome of the controversy to ensure the requisite adversity.").