NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| ANNE P. MULLIGAN, | ) | |
| | ) | Supreme Court No. S-18204 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-20-04586 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MUNICIPALITY OF ANCHORAGE, | ) | AND JUDGMENT* |
| ANCHORAGE POLICE DEPARTMENT, | ) | |
| | ) | No. 1930 – November 16, 2022 |
| Appellee. | ) | |
| | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Frank Pfiffner, Judge.

Appearances: Anne P. Mulligan, pro se, Anchorage, Appellant. Ruth Botstein, Assistant Municipal Attorney, and Patrick N. Bergt, Municipal Attorney, Anchorage, for Appellee.

Before: Winfree, Chief Justice, Maassen, Carney, and Borghesan, Justices. [Henderson, Justice, not participating.]

I.     INTRODUCTION

A self-represented woman filed a complaint in superior court accusing the Anchorage Police Department (APD) of false arrest, defamation, negligent investigation, and commission of a hate crime. The superior court dismissed the complaint for failure

---

\*     Entered under Alaska Appellate Rule 214.

to state a claim upon which relief could be granted. The woman filed a motion for reconsideration, which the court denied. On appeal, the woman challenges the court's conclusion that her hate crime claim was unsupported by any factual assertions but fails to address the reasons for the court's dismissal of her remaining claims or its denial of her motion for reconsideration. We conclude that the superior court did not err by dismissing the hate crime claim and that the woman waived any other arguments by failing to brief them.

## II.     FACTS AND PROCEEDINGS

Anne P. Mulligan filed a complaint in January 2020 against APD alleging false arrest and "defamation of character/slander/libel." She also alleged that APD "did not do a thorough investigation" into her case and that she was the target of a hate crime, apparently because of her identity as "a 50 year old straight white female who is a Grandmother." She sought $100 billion in damages.

In February 2021 the Municipality of Anchorage moved to dismiss the complaint under Alaska Civil Rule 12(b)(6);[1] the superior court granted the motion. The court determined that the complaint (1) failed to allege a cognizable claim of false arrest because Mulligan was arrested pursuant to an arrest warrant; (2) failed to allege a cognizable claim of defamation because it did not allege any facts "implicat[ing] any element of defamation"; (3) failed to allege a cognizable claim of negligent police investigation because such an action "is not an available claim against the Municipality and APD"; and (4) failed to allege a hate crime because it did "not set forth any facts that would give rise to" a hate crime.

Mulligan moved for reconsideration, reasserting the factual allegations in

---

[1]     Alaska Civil Rule 12(b)(6) provides that a defendant may seek to dismiss a complaint for "failure to state a claim upon which relief can be granted."

her complaint but not addressing any of the court's reasons for the dismissal. The court denied the motion and entered final judgment in the Municipality's favor. Mulligan, representing herself, appeals.

## III. DISCUSSION

### A. Mulligan Has Waived All Arguments Related To False Arrest, Defamation, And Negligent Police Investigation.

"[I]ssues not briefed or only cursorily briefed are considered waived."[2] We apply "a more lenient standard to pro se litigants,"[3] but even a pro se litigant may waive an issue by failing to adequately brief it.[4] Mulligan does not address on appeal the superior court's reasons for dismissing her false arrest, defamation, and negligent police investigation claims or for denying her motion for reconsideration. She has therefore waived any arguments that, if successful, could result in a reversal of those decisions.

### B. Mulligan's Complaint Failed To State A Viable Hate Crime Claim.

In her complaint Mulligan asserted that she was "a target of a Hate Crime" as defined by federal law[5] and AS 18.80. Title 18, chapter 80 of the Alaska Statutes

---

[2] *Shearer v. Mundt*, 36 P.3d 1196, 1199 (Alaska 2001); *see also Richardson v. Mun. of Anchorage*, 360 P.3d 79, 91 (Alaska 2015) (holding that where a pro se litigant "fail[ed] to raise any argument regarding" motions to dismiss on appeal, he had "fail[ed] to properly raise this issue on appeal").

[3] *Wright v. Anding*, 390 P.3d 1162, 1169 (Alaska 2017) (quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1062-63 (Alaska 2005)).

[4] *See Shearer*, 36 P.3d at 1199; *Capolicchio v. Levy*, 194 P.3d 373, 380 (Alaska 2008).

[5] Mulligan's complaint cited to "Federal Hate Crime Statute Title 178 U.S.C., Section 245," which does not exist. Mulligan was likely referring to 18 U.S.C. § 245, which criminalizes the interference with a person's right to participate in federally protected activities due to the person's "race, color, religion or national origin," or 18

(continued...)

prohibits discrimination in housing, employment, and other areas of human activity "because of race, religion, color, national origin, age, sex, physical or mental disability, marital status, changes in marital status, pregnancy, or parenthood."[6]

We review a Civil Rule 12(b)(6) dismissal de novo, "deeming all facts in the complaint true and provable."[7]  As relevant to a possible hate crime, Mulligan's complaint asserted that she "is a 50 year old straight white female who is a Grandmother."  But she did not allege any facts to suggest that APD discriminated against her because of these characteristics.  We therefore affirm the superior court's conclusion that Mulligan failed to state a cognizable hate crime claim.

## V.    CONCLUSION

The superior court's dismissal of Mulligan's complaint and denial of her motion for reconsideration are AFFIRMED.

---

[5]      (...continued)
U.S.C. § 249, which defines a hate crime as the infliction or attempted infliction of bodily injury on a person based on the person's "actual or perceived race, color, religion, or national origin[,] . . . gender, sexual orientation, gender identity, or disability."  But neither statute creates a private right of action.  *See Cooley v. Keisling*, 45 F. Supp. 2d 818, 820 (D. Or. 1999) (noting that 18 U.S.C. § 245 does not grant plaintiff private right of action); *John's Insulation, Inc. v. Siska Constr. Co.*, 774 F. Supp. 156, 163 (S.D.N.Y. 1991) (same); *Nazer v. City of St. Petersburg*, No. 8:16-cv-02259-CEH-JSS, 2017 WL 3877631, at *5 (M.D. Fla. Sept. 5, 2017) (noting that there is no private right of action under 18 U.S.C. § 249); *Wolfe v. Beard*, No. 10-2566, 2011 WL 601632, at *3 (E.D. Pa. Feb. 15, 2011) (same).  And even if they did, Mulligan does not allege any facts that would give rise to a cognizable claim under either statute.

[6]      *See* AS 18.80.200. – .255.

[7]      *Guerrero v. Alaska Hous. Fin. Corp.*, 6 P.3d 250, 253 (Alaska 2000).