UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7576

JOHAN EICHEN KRIEGER,

            Plaintiff - Appellant,

      v.

BETTY A. BROWN; BOYD BENNETT,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:08-ct-03090-FL)

Argued: September 21, 2012          Decided: November 8, 2012

Before SHEDD, KEENAN, and THACKER, Circuit Judges.

Affirmed by unpublished opinion.  Judge Keenan wrote the opinion, in which Judge Shedd and Judge Thacker joined.

**ARGUED:** Gregory Dolin, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Kimberly D. Grande, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.  **ON BRIEF:** Lindsey Carpenter, Third Year Law Student, UNIVERSITY OF BALTIMORE SCHOOL OF LAW, Baltimore, Maryland, for Appellant.  Roy Cooper, Attorney General, Peter A. Regulski, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

BARBARA MILANO KEENAN, Circuit Judge:

Johan Krieger, who is incarcerated in a state correctional facility in North Carolina, brought this action alleging that prison officials violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §§ 2000cc to 2000cc-5, by denying his requests for an "outdoor worship circle" and certain "sacred items" related to his religious practice of Asatru. The district court awarded summary judgment in favor of the prison officials, and Krieger appeals. We conclude that the district court correctly held that Krieger did not show that his practice of Asatru was substantially burdened by the denial of an outdoor worship circle and the requested sacred items, and, thus, that Krieger failed to establish a prima facie case under RLUIPA. Accordingly, we affirm the district court's judgment.

I.

Krieger practices Asatru, a polytheistic religion that originated in Northern Europe several centuries ago. Asatru is a decentralized religion, which does not have a spiritual leader or a governing religious authority. Practitioners of Asatru adhere to general principles of the religion, but each member or group of members exercises their faith in a personal manner.

2

The North Carolina Department of Corrections (NCDOC) recognizes Asatru as an "approved religion."  In developing its policy concerning the accommodation of inmates who practice Asatru, the NCDOC consulted outside sources, including Valgard Murray, the leader of the "Asatru Alliance," which is the "oldest and largest Asatru church in North America."

Based on the information provided by Murray, the NCDOC established a policy permitting incarcerated individuals access to certain items used in the most common Asatru ceremony, known as a "Blot."  These permitted items include an altar, an altar cloth, altar candles, a small evergreen twig, a sacrificial bowl, mead made from honey or a fruit juice substitute, a cardboard staff, a large picture of a "Thor Hammer," pictures of other Gods and Goddesses of the Asatru faith, a cardboard sword, runes, and folk music.  The NCDOC also permits Asatru practitioners to possess several items for use in certain private worship practices, including the "study of runes."  The permitted items relating to private worship include a cloth bag, a maximum of 25 small plastic or bone runes, a religious medallion, and several sources of reading material.

In 2005, Krieger submitted requests to NCDOC officials seeking the construction of a large outdoor worship circle made of stones.  Included in his request were diagrams detailing the desired dimensions for the circle and the materials necessary

3

for its construction, including two tons of gravel, shrubbery, one-half ton of small stones, and at least 400 pounds of concrete to construct an altar.

Krieger also submitted requests for numerous sacred items for personal and group worship that were not included in the NCDOC's "approved religious property" list.[1] The sacred items Krieger requested for group worship included a large piece of cloth for creating a banner, a large horn cup, an "oath ring," "heathen music," and cardboard replicas of Thor's hammer, a spear, a shield, an axe, and a bow and arrow. The sacred items he sought for private worship included an amber bead, three feathers, a "shuffling rune set," a "cloth helm," a small ceremonial bowl, a horn cup, incense, honey, and pendants with images of a shield, an axe, and a bow and arrow.

The NCDOC's Religious Practices Committee denied Krieger's requests. Krieger unsuccessfully filed numerous grievances and appeals with NCDOC officials.[2]

---

[1] Krieger submitted several requests for sacred items, including four differing lists of items. For purposes of this appeal, we describe only the narrowed list of requested sacred items that Krieger has identified in this Court. That list also includes altar candles, a ceremonial bowl, a cardboard replica of a sword, a casting rune set, and pendants with images of Thor's hammer and a spear, which are permitted items under the NCDOC's policy.

[2] For purposes of this appeal, we assume without deciding that Krieger exhausted his remedies as required by the Prison (Continued)

4

In 2009, Krieger filed an amended complaint in the district court under 42 U.S.C. § 1983, naming as defendants two NCDOC employees, Betty A. Brown, Director of Chaplaincy; and Robert Lewis, Director of Prisons (collectively, Brown). In his primary claim, Krieger alleged that by denying his requests for an outdoor worship circle and various sacred items, prison officials placed a substantial burden on his exercise of Asatru, in violation of RLUIPA. Additionally, Krieger alleged that Brown violated his right to free religious exercise under the First Amendment.

In support of his claims, Krieger alleged that to practice Asatru, he "must utilize sacred items in the performance of well-established rituals." Krieger also submitted various pleadings and several exhibits, including (1) "The Handbook of Asatru," with a forward written by Valgard Murray; (2) a "World Tree Publication," written by Murray and another Asatru practitioner; and (3) a publication entitled, "Our Sacred Land." Krieger later amended his request for an outdoor worship circle in the district court, seeking only outdoor space for a worship

---

Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). See Jones v. Bock, 549 U.S. 199 (2007) (holding that failure to exhaust available administrative remedies under the PLRA is not a jurisdictional requirement).

circle and enough rocks to form a loose circle rather than "an exact replica of [his previously submitted] design."

Brown filed a motion for summary judgment, arguing that the absence of an outdoor worship circle and the requested sacred items did not place more than an incidental burden on Krieger's exercise of his religion. Brown included as exhibits affidavits submitted by Brown and by Lewis, describing the NCDOC policies regarding Asatru and discussing the impracticality of Krieger's requests.

The district court granted Brown's motion for summary judgment, concluding that Krieger failed to establish a prima facie case under RLUIPA. Based on this conclusion, the district court held that Krieger's First Amendment claim also failed. Krieger timely filed an appeal in this Court.[3]

II.

A.

We review de novo a district court's grant of a motion for summary judgment. Couch v. Jabe, 679 F.3d 197, 200 (4th Cir. 2012). Summary judgment is appropriate when there is no genuine

---

[3] Krieger does not appeal the district court's dismissal of his First Amendment claims.

issue of material fact and the moving party is entitled to judgment as a matter of law.  Id.; Fed. R. Civ. P. 56(a).

RLUIPA provides, in relevant part, that

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person--(1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a).  A plaintiff alleging a violation of RLUIPA bears the burden of establishing a prima facie case, showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged conduct substantially burdens that exercise.  See 42 U.S.C. § 2000cc-1(b).  If the plaintiff establishes a prima facie case, the burden shifts to the government to demonstrate that the limitation on the plaintiff's religious exercise is the least restrictive means of furthering a compelling government interest.  Couch, 679 F.3d at 200; Lovelace v. Lee, 472 F.3d 174, 185-86 (4th Cir. 2006).

## B.

Krieger argues that the district court engaged in an erroneous analysis when determining that his practice of Asatru was not substantially burdened by the NCDOC's denials of his requests for an outdoor worship circle and various sacred items. In particular, Krieger asserts that the district court erred by

7

evaluating the significance of the requested items to the practice of Asatru. Krieger maintains that the district court instead should have concluded that he met his burden by showing that the deprivation of an outdoor worship circle and the various sacred items required him to practice Asatru "differently than he otherwise would have." We disagree with Krieger's arguments.

Initially, we observe that the parties agree that Krieger satisfied the first prong of his initial burden under RLUIPA, namely, to show that he sought to engage in an exercise of his religion, Asatru. Thus, the focus of the parties' argument on appeal is whether Krieger satisfied the second prong of his initial burden, to demonstrate that his religious exercise was substantially burdened by the NCDOC's denial of his requests.

The term "substantial burden" is not defined by statute. However, we have explained that a governmental entity substantially burdens an individual's religious exercise within the meaning of RLUIPA when an entity's act or omission puts "substantial pressure" on a person "to modify his behavior and to violate his beliefs." Lovelace, 472 F.3d at 187.

In conducting a "substantial burden" analysis, a court should not judge the significance of a particular belief or practice to the religion at issue. Cutter v. Wilkinson, 544 U.S. 709, 725 n.13 (2005); Lovelace, 472 F.3d at 187 n.2. The

8

statutory language of RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A) (emphasis added). Thus, to demonstrate that his religious practice has been substantially burdened, a plaintiff must demonstrate that a governmental entity substantially pressured him to modify his behavior and to violate his religious beliefs. See Lovelace, 472 F.3d at 187. A plaintiff is not required, as part of this prima facie showing, to prove that the exercise at issue is required by or essential to his religion. See Cutter, 544 U.S. at 725 n.13.

In the present case, the district court correctly concluded that Krieger failed to demonstrate that his behavior was modified and his religious beliefs were violated by the deprivation of the outdoor worship circle and the listed sacred items. The district court began its analysis by considering Krieger's arguments regarding an outdoor worship circle. Krieger asserted that deprivation of the outdoor worship circle would require him to pray indoors, and that the "Blot" ceremony is "best performed outdoors." However, Krieger failed to offer any explanation regarding the reason why indoor worship would compromise his religious beliefs.

In the absence of any such explanation, the district court examined the Asatru literature submitted by Krieger to determine

9

whether indoor worship violated any generally-held belief relating to the practice of Asatru. The district court noted that although the literature "highlight[ed] the significance of land to the Asatru religion" and described Asatru as a religion "based on the laws of nature," one publication expressed that "communing with Gods and Goddesses" indoors is possible. In addition, the district court emphasized that the practice of Asatru is individualized and lacks any mandatory aspect of exercise, a fact readily acknowledged by Krieger. Thus, the district court correctly concluded that Krieger failed to provide any basis for his claim that the NCDOC's denial of an outdoor worship circle substantially burdened his exercise of Asatru.

We observe that before reaching this conclusion, the district court found that the use of an outdoor worship circle was not "essential" to the practice of Asatru. However, as stated above, a plaintiff is not required to prove that any particular aspect of his religious exercise is essential to his faith in order to establish that the exercise has been substantially burdened. See Cutter, 544 U.S. at 725 n.13.

Although the district court should not have used the term "essential" in discussing the different characteristics of the practice of Asatru, this error in terminology did not affect the court's application of the "substantial burden" test. Krieger

10

was not required to prove that use of an outdoor worship circle was essential to the practice of Asatru. Instead, the district court engaged in the correct "substantial burden" analysis, focusing on Krieger's failure to demonstrate that he was pressured to modify his behavior and to violate his beliefs when the NCDOC denied his request for an outdoor worship circle.

The district court also did not err in concluding that Krieger failed to produce enough evidence to support a finding that the NCDOC's denial of the requested sacred items inflicted a substantial burden on his ability to practice Asatru. Krieger alleged in his amended complaint that the sacred items were "necessary" to perform "well-established rituals." Relying on this blanket assertion, Krieger did not identify those rituals, or explain why the absence of the sacred items had an impact on the rituals and violated his beliefs. Without this information, the district court could not evaluate the degree to which Krieger's religious exercise was impaired. Moreover, although the literature submitted to the district court discusses numerous items that may be used in the practice of Asatru, the literature also included a list of "mandatory religious items for Asatru worship," which was identical to the list of items permitted by the NCDOC in its policy regarding the practice of Asatru.

11

In sum, Krieger failed to demonstrate a substantial burden on the exercise of his religion by asserting merely that the NCDOC failed to accommodate certain requests related to his religious practice, and by relying on literature emphasizing the individual manner in which practitioners of Asatru may observe their faith. Because Krieger did not show that the deprivation of an outdoor worship circle and the requested sacred items modified his behavior and violated his religious beliefs, the district court correctly determined that Krieger failed to establish a prima facie case under RLUIPA. See Lovelace, 472 F.3d at 187.

Accordingly, we affirm the district court's award of summary judgment to Brown.

AFFIRMED

12