FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**February 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

DAVID A. CIEMPA,

      Plaintiff-Appellant,

v.

JUSTIN JONES; WALTER
DINWIDDLE; DEBBIE L. MORTON;
AL BLAIR; DICK BARTLEY;
KAMERON HARVANEK; G.
MCCLEARY; CURTIS HOOD; JAMES
CAVE; RICK BOYETT; JOHN DOE,
sued as: "Unknown Employee"; CHRIS
REDEAGLE; LEO BROWN,

      Defendants-Appellees.

No. 12-5087
(D.C. No. 4:08-CV-00685-CVE-TLW)
(N.D. Okla.)

DAVID A. CIEMPA,

      Plaintiff-Appellant,

v.

JUSTIN JONES; LEO BROWN;
MICHAEL T. OAKLEY; RONALD A.
ANDERSON,

      Defendants-Appellees.

No. 12-5088
(D.C. No. 4:11-CV-00347-GKF-FHM)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

_____

[*] After examining the briefs and appellate records, this panel has determined
unanimously that oral argument would not materially assist the determination of
these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are
therefore ordered submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and

Before **HARTZ**, **EBEL**, and **GORSUCH**, Circuit Judges.

These two appeals arise from disputes between David Ciempa and the Oklahoma penitentiaries that house him. Mr. Ciempa is a member of the Nation of Gods and Earths (NGE), a group derived from the Black Muslim movement that Mr. Ciempa claims is religious in nature. In the first appeal (12-5087), Mr. Ciempa complains that prison officials denied him access to certain issues of the NGE's periodical *The Five Percenter* and a book entitled *The Soldier's Guide*; initially didn't allow him access to the book *Stoic Warriors*; didn't permit him to purchase the pork-free hygienic products of his choice; and failed to provide him with his requested halal diet. In the second appeal (12-5088), Mr. Ciempa seeks a preliminary injunction granting him permission to own items he says are necessary to exercise his NGE faith, including DVDs (state prison policy doesn't permit any prisoner to own DVDs) as well as a large crown (state prison policy prohibits headgear exceeding one inch in height to prevent the hiding and transfer of contraband).

Taking the first appeal first, Mr. Ciempa argues that the failure to accommodate his requests violated his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA). In a detailed and thoughtful opinion, the district court treated NGE as a religion within the meaning of the First Amendment and RLUIPA but nonetheless

collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

granted summary judgment to most defendants on most claims. The only claims that survived were two official-capacity, RLUIPA claims for injunctive relief and nominal damages, one against defendant G. McCleary for preventing receipt of *Stoic Warriors*, and one against defendants Justin Jones and Leo Brown for denying Mr. Ciempa chapel time for NGE classes and meetings.

Later, the district court wound up granting judgment to Mr. McCleary on the *Stoic Warriors* claim. The court held Mr. Ciempa's claim for injunctive relief was moot because Oklahoma Department of Corrections (ODOC) officials relented and permitted him to receive the book. The court further held Mr. Ciempa was not entitled to any nominal damages for delay in providing him with *Stoic Warriors* because the book was not itself a religious text and therefore the delay did not substantially burden his religious exercise. Separately, the court ordered the prison to submit a plan accommodating Mr. Ciempa's request for chapel time using the least restrictive means, as RLUIPA requires, *see* 42 U.S.C. § 2000cc-1(a)(2), or to demonstrate that there are no less restrictive means than a total ban. Prison officials submitted a plan to give NGE chapel time for one hour per week, supervised by a chaplain and a security officer. The court approved the plan over Mr. Ciempa's objections.

Now on appeal, Mr. Ciempa challenges the district court's summary judgment rulings and several procedural orders. Having carefully reviewed those arguments, the record, and the applicable law, we find no persuasive reason to fault the district

court's careful analysis or much we might add to it. We therefore affirm the district court's decisions for the same reasons stated in its rulings. We pause briefly only to add a few thoughts concerning one of Mr. Ciempa's merits arguments and his claims of procedural error.

Mr. Ciempa contends the district court erred when it granted qualified immunity to Mr. McCleary, Mr. Jones, and Mr. Brown with regard to their individual-capacity liability under RLUIPA for the denial of *Stoic Warriors* and chapel time. This court, however, recently clarified as a matter of law that "there is no cause of action under RLUIPA for individual-capacity claims." *Stewart v. Beach*, 701 F.3d 1322, 1335 (10th Cir. 2012). It is therefore clear Mr. Ciempa's individual-capacity RLUIPA claims are not cognizable and his claim of error is foreclosed.

Mr. Ciempa also argues that the district court erred in not considering new claims he set out in various motions. In one instance, the court refused to consider Mr. Ciempa's new claims because they were not within the scope of the special report defendants prepared and, so, the defendants had not been given adequate notice of them. *Ciempa v. Jones*, 745 F. Supp. 2d 1171, 1199 (N.D. Okla. 2010). The court stated it would not permit the scope of the lawsuit to be "a moving target; Ciempa cannot add claims to this suit every time prison officials allegedly violate his rights. He is free to file additional suits regarding incidents not covered in his third amended complaint." *Id.* In another instance, the court refused to permit

Mr. Ciempa to add new allegations he set out in two motions to supplement his response to defendants' proposed plan for NGE chapel time. *See* R. at 107-08. We see no abuse of the considerable discretion district courts possess concerning attempts to supplement a complaint with substantial new allegations in motions practice. *See Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001).

Mr. Ciempa further contends the court should have granted his motions for appointment of counsel because he was not sophisticated enough to present his case adequately. Our review is for an abuse of discretion, and we will reverse the denial of counsel in a pro-se civil case "[o]nly in those extreme cases where the lack of counsel results in fundamental unfairness." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). We see no fundamental unfairness in this case. Although Mr. Ciempa is mistaken in certain respects regarding the application of the law to the facts of his case, he ably presented his case and achieved a considerable measure of success.

Finally, Mr. Ciempa claims the court erred when it granted the defendants' motion to seal certain copies of *The Five Percenter* that the defendants prohibited him from receiving in prison. Mr. Ciempa contends the sealing hampered his ability to defend the summary judgment motion regarding this portion of his claims. We will, however, reverse a decision to seal only if "we have a definite and firm conviction that [the court] made a clear error of judgment or exceeded the bounds of

permissible choice in the circumstances." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotation marks omitted). Given the asserted justification for sealing — that the materials contained gang-related material that could create an unsafe prison environment — and the fact that the sealed copies were available for the court's *in camera* review, we cannot say the district court made a clear error of judgment in sealing the publication.

Turning to the second appeal before us (12-5088), Mr. Ciempa once again asserts that prison officials violated his First Amendment and RLUIPA rights and here he seeks a preliminary injunction. It appears the district court denied the motion because Mr. Ciempa was not likely to succeed on the merits because he failed to exhaust his administrative remedies. *See Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (plaintiff must show likelihood of success on the merits).

On appeal, Mr. Ciempa contends he has no exhaustion problems because "the relief requested in his administrative grievances was granted at the facility level, thereby exhausting all available remedies." Opening Br. at 3. In fact, however, the warden informed him that his requests for the religious items would be "forwarded to the Religious Services Unit with comments from [that] administration. . . . [Y]our request will now be considered by the agency chaplain." R. at 218. Later, the religious services unit recommended denying all of Mr. Ciempa's requests and it appears the prison followed that recommendation. *Id.* at 217. Mr. Ciempa did try to

appeal this decision administratively with the Administrative Review Authority (ARA), but he failed to comply with grievance procedures. The ARA informed Mr. Ciempa as much, instructed him on how he could fix the problem, and gave him a chance to do so, *id.* at 221, but there is no evidence that he ever filed compliant appeals. In these circumstances, we can find no abuse of discretion in the district court's decision to deny the requested preliminary injunction for a failure to show a likelihood of success on the merits. While administrative appeals may be taxing, the Supreme Court has long instructed that "unexhausted claims" like this "cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The judgment of the district court in 12-5087 is affirmed. The district court's order denying preliminary injunctive relief in 12-5088 is also affirmed The district court granted Mr. Ciempa's motion to proceed on appeal *in forma pauperis*, and we remind him of his obligation to continue making partial payments of his appellate filing fee until it is paid in full.

Entered for the Court


Neil M. Gorsuch
Circuit Judge