*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@akcourts.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| PAUL T. STAVENJORD, | ) | |
| | ) | Supreme Court No. S-14917 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-10-11932 CI |
| v. | ) | |
| | ) | O P I N I O N |
| JOSEPH SCHMIDT, | ) | |
| CRAIG TURNBULL, and | ) | No. 6989 – March 20, 2015 |
| MIKE ENSCH, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Mark Rindner, Judge.

Appearances: Paul T. Stavenjord, pro se, Wasilla, Appellant. John K. Bodick, Assistant Attorney General, Anchorage, and Michael C. Geraghty, Attorney General, Juneau, for Appellees.

Before: Fabe, Chief Justice, Winfree, Stowers, Maassen, and Bolger, Justices.

BOLGER, Justice.

## I.    INTRODUCTION

Paul Stavenjord, a Buddhist inmate, asked to receive a Kosher diet and to be permitted to purchase a prayer shawl. Prison officials at the Alaska Department of Corrections (the Department) denied his requests. Stavenjord filed a complaint alleging

violations of the Religious Land Use and Institutionalized Persons Act (RLUIPA) and various constitutional provisions. But the superior court granted the Department's motion for summary judgment, concluding that Stavenjord had failed to demonstrate (1) that a Kosher diet and prayer shawl were necessary for the practice of his religion; (2) that he was sincere in his requests for religious accommodation; and (3) that the Department's lack of accommodations substantially burdened the practice of his religion. Under our summary judgment standard, however, the initial burden falls on the moving party — the Department. Furthermore, religious necessity is not an element of RLUIPA. Because summary judgment was granted by placing the initial burden on the non-moving party and by focusing on Stavenjord's failure to make an evidentiary showing not required under RLUIPA, we reverse and remand.

## II.    FACTS

Paul Stavenjord is an inmate currently residing at the Goose Creek Correctional Center in Wasilla. In his verified complaint, Stavenjord asserted that he is a Buddhist monk ordained by the Tenshin Ryushin-Ji Buddhist Temple, a qualified teacher of Buddhism with thirty years of experience studying the Hinayana, Mahayana, Vajrayana, and Zen sects, and a "Prison Ministries Advisor" of the Tenshin Ryushin-Ji Temple.

### A.    The Kosher Diet

In August 2010 Stavenjord submitted a request for a vegan diet to the kitchen manager at Spring Creek Correctional Center (Spring Creek) in Seward, where he was then incarcerated. The request was granted, and Stavenjord remained on a vegan diet for two months. In October he asked that this diet be discontinued, writing:

> Please remove my name from the vegan diet list. Try tasting the food once in a while. I can't believe you allow such poor quality in your kitchen.

Three months later, in January 2011, Stavenjord submitted a request "to be placed on a Kosher diet, for religious reasons." Chaplain Mike Ensch, the Chaplaincy Coordinator for the Department, reviewed this request and recommended that it be denied:

> The Department of Corrections will only authorize vegetarian or vegan for [Stavenjord's] religious diet. This is a fairly standard practice in many Correctional systems in the USA and is adequate for his religion.

The superintendent of Spring Creek, Craig Turnbull, adopted Ensch's recommendation, writing, "No reason to approve this preference. Not related to Buddhist faith." Stavenjord appealed Turnbull's decision, arguing:

> It is a substantial burden on my religious practice to be denied a religious (kosher) diet. Both Ensch and Turnbull are acting as "arbiters-of-orthodoxy concerning what Buddhist[s] require" when neither are Buddhist or are knowledg[e]able in Stavenjord's practice of Madhyamaka Buddhism.

Timothy Lyden, the Standards Administrator for the Department, responded in a letter dated May 27, 2011, writing:

> I have carefully reviewed documentation in relation to your request. However, you have not provided any information indicating that the practice of Madhyamaka Buddhism prescribes a kosher diet. In addition, I have not been able to find any evidence of this claim after extensive review of resources on Madhyamaka Buddhism. Based upon this information, I do not find that your desire for a kosher diet [can] be established to be any more than a personal preference. As a result, I uphold the previous decisions rendered on this grievance.

This was the Department's final action concerning Stavenjord's request for a Kosher diet.

**B.     The Prayer Shawl**

Sometime before August 2010, Stavenjord requested authorization to purchase a prayer shawl.  This request was denied.

Stavenjord appealed to Lyden, arguing that, because the Department's policies and procedures expressly permit the use of "prayer shawls during religious activity," it was unreasonable to refuse to allow Stavenjord to purchase a shawl. Lyden affirmed the denial of his request, writing:

> Although policy specifically references the allowable use of prayer shawls, policy also extends discretionary authority to the superintendent [of the prison] to restrict their use along with other religious activities.  As a result, no violation is found.

This was the Department's final action concerning Stavenjord's request for a prayer shawl.

**III.     PROCEEDINGS**

In June 2011 Stavenjord filed suit in the Anchorage Superior Court, alleging that prison officials at Spring Creek violated RLUIPA, as well as the First and Fourteenth Amendments to the U.S. Constitution, by denying his requests to receive a Kosher diet and purchase a prayer shawl.

In April 2012 Stavenjord filed a motion for summary judgment on these claims.  He submitted an affidavit stating, "It is my sincerely held religious belief that these two requests will benefit my exercise of religion," and referring to his verified complaint. The verified complaint contained a number of relevant statements:

> (1)     "The request submitted by Stavenjord for a Kosher (religious) diet, was Stavenjord's firmly held religious belief that a Kosher diet would benefit him as an important religious practice."

(2) "The request for religious diet was Stavenjord's firmly held religious belief that this diet would benefit his religious exercise."

(3) "It is Stavenjord's firmly held religious belief that a Kosher diet is the closest to Buddhist requirements possible for a Buddhist that eats meat."

(4) "Stavenjord's inability to possess and use a prayer shawl, and inability to partake in a religious diet, forced him to refrain from religiously motivated conduct and imposed substantial burden on his exercise of religion."

The Department opposed Stavenjord's motion and filed a cross-motion for summary judgment. The Department submitted no affidavit with its opposition and cross-motion, but (1) attached copies of grievance-related documents regarding Stavenjord's original request for a vegan diet, his later request to get off the vegan diet, and his subsequent request for a Kosher diet, and (2) referred generally to evidence from a preliminary injunction hearing "regarding what items are necessary for the practice of Buddhism." The preliminary injunction hearing involved *separate* RLUIPA claims that Stavenjord had brought against the Department, and neither party introduced evidence at the hearing regarding the two claims at issue here. Nevertheless, the Department argued that because there had been no evidence at the hearing that a prayer shawl or Kosher diet was necessary for the practice of Buddhism, Stavenjord's claims must be dismissed.

The superior court ruled as follows:

[Stavenjord] contends that his requests for a Kosher diet and a prayer shawl were denied and that this denial violates his rights under the RLUIPA and the First Amendment. The court previously conducted an evidentiary hearing and issued a decision relevant to this matter in conjunction with the Motion for Preliminary Injunction. There is no evidence that a prayer shawl or a Kosher diet [is]

necessary for the practice of Buddhism. [Stavenjord] previously requested and was allowed a vegan diet in conformance with his Buddhist practice, which he then rejected because he did not like the food. This suggests that the request for a Kosher diet is related to food preference and not to religious requirements. Likewise, based on the evidentiary hearing previously conducted[,] the court finds that the denial of a prayer shawl does not violate [Stavenjord's] rights under either the First Amendment or the RLUIPA. [Stavenjord's] Motion for Summary Judgment is denied. The State's Cross-motion for Summary Judgment is granted.

Stavenjord moved for reconsideration, asserting, as he asserted in connection with the denial of his preliminary injunction motion, that the superior court erred in applying RLUIPA by judging his personal religious beliefs based on those of Buddhism in general and by concluding that RLUIPA protects only religious practices that are "necessary" for the exercise of a claimant's religion. He further asserted that the court erred by relying on the evidence at the preliminary injunction hearing when that hearing addressed neither the prayer shawl nor the religious diet. And he noted the court's suggestion that his religious beliefs were insincere was an issue that rarely can be decided on summary judgment.

In its court-ordered response to the reconsideration motion, the Department conceded that Stavenjord's legal analysis was correct in part and that "the focus should have been on Stavenjord's practice of religion and the sincerity of that practice as it relates to his demand for a prayer shawl and [K]osher diet."[1] But the Department nonetheless urged the court to affirm its decision on other grounds:

---

[1] The Department failed to mention that in the earlier preliminary injunction proceeding, it had successfully persuaded the superior court to use the erroneous "religious necessity" analysis in its ruling.

Since Stavenjord has failed to sustain his burden of proof that the prayer shawl [and] [K]osher diet are necessary to practice his religion, that he is sincere in his request for these religious accommodations, or that the lack of these accommodations substantially burden[s] his practice of his religion[,] the court's order granting summary judgment must stand.

The superior court then modified its ruling in two respects. Trying to remedy its legal error of evaluating religious beliefs of Buddhists in general rather than Stavenjord's personal religious beliefs, it changed the third sentence, and then included additional comments at the end of the order (before the denial and grant of summary of judgment):

[Stavenjord] contends that his requests for a Kosher diet and a prayer shawl were denied and that this denial violates his rights under the RLUIPA and the First Amendment. The court previously conducted an evidentiary hearing and issued a decision relevant to this matter in conjunction with the Motion for Preliminary Injunction. *There is no evidence that a prayer shawl or a Kosher diet* [*is*] *necessary for Stavenjord's practice of his religion.* [Stavenjord] previously requested and was allowed a vegan diet in conformance with his Buddhist practice, which he then rejected because he did not like the food. This suggests that the request for a Kosher diet is related to food preference and not to religious requirements. Likewise, based on the evidentiary hearing previously conducted[,] the court finds that the denial of a prayer shawl does not violate [Stavenjord's] rights under either the First Amendment or the RLUIPA. *Stavenjord previously did not assert that a prayer shawl was necessary for the practice of his religion. The assertion that he needs a prayer shawl is a recent one. Given his history, Stavenjord has failed to meet his burden that the prayer shawl or* [*K*]*osher diet* [*is*] *necessary to practice his religion, that he is sincere in his request for these accommodations*[,] *or that the lack of accommodations*

*substantially burden*[s] *his practice of his religion*. (Emphasis added.)

Stavenjord appeals the grant of summary judgment against him.

## IV. STANDARD OF REVIEW

Summary judgment is appropriate where, "view[ing] the facts in the light most favorable to the non-moving party," "the record presents no genuine issue of material fact and . . . the movant is entitled to judgment as a matter of law."[2] The moving party has the initial burden of proving, through admissible evidence, that summary judgment is warranted.[3] We review a grant of summary judgment de novo.[4]

## V. DISCUSSION

RLUIPA provides, in relevant part:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.[5]

---

[2] *Olson v. City of Hooper Bay*, 251 P.3d 1024, 1030 (Alaska 2011) (internal quotation marks omitted).

[3] *Mitchell v. Teck Cominco Alaska Inc.*, 193 P.3d 751, 760 n.25 (Alaska 2008); Alaska R. Civ. P. 56(c) ("There must . . . be served and filed with each motion [for summary judgment] a memorandum showing that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.").

[4] *Olson*, 251 P.3d at 1030.

[5] 42 U.S.C. § 2000cc-1(a) (2012).

The Act defines "religious exercise" as "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[6]

Stavenjord argued before the superior court that the Department's denial of his requests for a Kosher diet and a prayer shawl imposed a substantial burden on his religious exercise. On appeal, he maintains that the superior court misapplied RLUIPA by requiring him to show that "the prayer shawl or [K]osher diet [is] necessary to practice his religion." He also argues that the sincerity of his professed beliefs is a material question of fact that should not have been determined at the summary judgment stage.[7]

The superior court concluded that summary judgment was warranted because "Stavenjord has failed to meet his burden that the prayer shawl or [K]osher diet [is] necessary to practice his religion, that he is sincere in his request for these accommodations[,] or that the lack of accommodations substantially burden[s] his practice of religion." But this analysis makes several false steps.

First, the superior court order suggests that Stavenjord was required to prove the elements of his RLUIPA claim in order to defeat the Department's motion for summary judgment. But the initial burden was on the Department, as the moving party, to show that it was entitled to summary judgment; "[o]nly when the moving party establishes a prima facie case for summary judgment is the non-moving party required

---

[6]  *Id.* § 2000cc-5(7)(A).

[7]  In addition to his RLUIPA claim, Stavenjord argued before the superior court that the Department violated the First and Fourteenth Amendments of the U.S. Constitution by denying his requests. However, his briefing to this court focuses exclusively on the RLUIPA claim. We therefore will not address the constitutional claim. *Shearer v. Mundt*, 36 P.3d 1196, 1199 (Alaska 2001) ("[I]ssues not briefed or only cursorily briefed are considered waived . . . .").

to come forward with contradictory evidence."[8]  It was error to address Stavenjord's burden without first determining whether the Department had met its burden.

Second, Stavenjord is correct that the sincerity of a claimant's religious beliefs is not normally amenable to summary disposition.[9]  Although the Department did point to evidence suggesting that Stavenjord had ulterior, non-religious motives for his requests for religious accommodation,[10] Stavenjord's claims of sincerity in his verified complaint were sufficient to create a triable question of fact on this issue.

Third, as Stavenjord argues, RLUIPA protects "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."[11]  Therefore, Stavenjord was not required to show that his personal religious beliefs were consistent with the beliefs of other Buddhists, as the Department suggested in its motion for summary judgment.[12]  Nor was Stavenjord required to show that a prayer shawl and

---

[8]      *Mitchell*, 193 P.3d at 760 n.25.

[9]      *See Kay v. Bemis*, 500 F.3d 1214, 1219 (10th Cir. 2007) ("The inquiry into the sincerity of a free-exercise plaintiff's religious beliefs is almost exclusively a credibility assessment, and therefore the issue of sincerity can rarely be determined on summary judgment." (alteration and internal quotation marks omitted)).

[10]      *See Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) ("[O]f course, a prisoner's request for an accommodation must be sincerely based on a religious belief and not some other motivation." (citing *Burwell v. Hobby Lobby Stores, Inc.*, 134 S. Ct. 2751, 2774 n.28 (2014))).

[11]      42 U.S.C. § 2000cc-5(7); *Krieger v. Brown*, 496 F. App'x 322, 325 (4th Cir. 2012) ("A plaintiff is not required . . . to prove that the exercise at issue is required by or essential to his religion.").

[12]      *See Holt,* 135 S. Ct. at 862-63 ("[E]ven if [prisoner's beliefs were idiosyncratic], the protection of RLUIPA, no less than the guarantee of the Free Exercise Clause, is 'not limited to beliefs which are shared by all of the members of a religious (continued...)

Kosher diet were *necessary* for the practice of his religion, as the superior court appears to have concluded.[13]

On appeal, the Department argues that it was entitled to summary judgment under the correct RLUIPA standard. We disagree. The prima facie elements of a RLUIPA claim are the "wish[] to engage in (1) a religious exercise (2) motivated by a sincerely held belief, which exercise (3) is subject to a substantial burden imposed by the government."[14] Therefore, to be entitled to summary judgment regarding this showing,[15] the Department as the moving party was required to demonstrate that the record

---

[12]     (...continued)
sect.' " (quoting *Thomas v. Review Bd. of Ind. Emp't Sec. Div.*, 450 U.S. 707, 715-16 (1981))); *see also Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1314 (10th Cir. 2012) ("[T]he issue is not whether the [prison's practice] substantially burdens the religious exercises of any Muslim practitioner, but whether it substantially burdens *Mr. Abdulhaseeb*'s own exercises of his sincerely held religious beliefs." (emphasis in original)).

[13]     *See Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) (prison's refusal to provide a Roman Catholic plaintiff with a diet free from the meat of four-legged animals and free from all meat on Fridays and during Lent violated RLUIPA even though Catholicism does not require such a diet); *Koger v. Bryan*, 523 F.3d 789, 797 (7th Cir. 2008) (plaintiff's adherence to a vegetarian diet was a "religious exercise" for purposes of RLUIPA even though a vegetarian diet was not required to practice Thelema).

[14]     *Abdulhaseeb*, 600 F.3d at 1312 (citing *Kikumura v. Hurley*, 242 F.3d 950, 960 (10th Cir. 2001)); *see also Holt*, 135 S. Ct. at 862.

[15]     Alternatively, the Department could meet its summary judgment burden by showing that there is no genuine issue of material fact regarding *its* RLUIPA burden — that is, demonstrating that the burden on Stavenjord's religious exercise is the "least restrictive means of furthering [a] compelling government interest" — and that it is entitled to judgment as a matter of law. *See* 42 U.S.C. § 2000cc-1(a); *see also Holt*, 135 S. Ct. at 863-67 (analyzing whether a prison's policy prohibiting beards was the least restrictive means of preventing prisoners from hiding contraband or concealing their identities).

contained "no genuine issue as to any material fact" regarding at least one of these three elements and that it was entitled to judgment as a matter of law.[16]

But the Department's summary judgment motion — like the superior court order — focused primarily on whether a Kosher diet or a prayer shawl was *necessary* for the *general* practice of Buddhism. Although the Department stated on several occasions that it had not substantially burdened Stavenjord's personal religious exercise, these statements were conclusory and without evidentiary support.

Assuming Stavenjord's practice of following a Kosher diet is motivated by a sincerely held belief, it is a religious exercise.[17] The denial of Stavenjord's request for that diet, absent any evidence of a reasonable alternative accommodation, imposes a substantial burden on that religious exercise by "prevent[ing] participation in conduct motivated by a sincerely held religious belief."[18]

The Tenth Circuit confronted a similar case in *Abdulhaseeb v. Calbone*, where a prisoner claimed that the government's refusal to provide a Halal meal that included meat violated RLUIPA.[19] The court accepted the prisoner's assertions that eating a Halal meal with meat was a religious exercise and that the request was motivated

---

[16] Alaska R. Civ. P. 56(c).

[17] See *Abdulhaseeb*, 600 F.3d at 1312-13.

[18] *Id.* at 1315; *see also Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124-25 (9th Cir. 2013) (" '[A] substantial burden . . . impose[s] a significantly great restriction or onus upon [a religious] exercise.' " (quoting *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004))); Derek L. Gaubatz, *RLUIPA at Four: Evaluating the Success and Constitutionality of RLUIPA's Prisoner Provisions*, 28 HARV. J.L. & PUB. POL'Y 501, 558 (2005) ("There has been little dispute in these cases that refusing to provide a diet that accords with the teachings of a prisoner's faith is a substantial burden.").

[19] 600 F.3d at 1305-06.

by a sincerely held religious belief.[20]  Based on the prisoner's verified complaint and supporting affidavit, the court concluded that the government's refusal to provide the requested diet was a substantial burden because it prevented "participation in conduct motivated by a sincerely held religious belief."[21]

Similarly, assuming Stavenjord's use of the shawl is motivated by a sincerely held belief,[22] it also is a personal religious exercise.  As with the Kosher diet, the denial of Stavenjord's shawl request, absent any evidence of a reasonable alternative accommodation, prevents him from participating in that religious exercise.[23]  That Stavenjord is being denied access to a prayer shawl is sufficient to defeat summary judgment on his prima facie claim; Stavenjord is being "pressured to abandon [his] religious belief[]" regarding the religious use of a shawl.[24]

We note that the State did present evidence that Stavenjord previously rejected a vegan diet out of culinary preference — not religious belief.  But in the absence of evidence showing that a vegan diet continues to be compatible with Stavenjord's religious beliefs and that the Department remains willing to provide this

---

[20]    *Id.* at 1313-15.

[21]    *Id.* at 1315-17.

[22]    *See id.* at 1312-13.

[23]    *See id.* at 1315; *cf. Grumbley v. Michigan*, No. 2:11-cv-185, 2011 WL 3418245, at *6 (W.D. Mich. Aug. 4, 2011) (holding inmate's religious practice not substantially burdened because prison made prayer shawls available).

[24]    *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1125 (9th Cir. 2013).

accommodation, this evidence goes only to Stavenjord's sincerity, where a genuine issue of material fact exists.[25]

For these reasons, we cannot affirm the summary judgment grant under either the superior court's analysis or the Department's proposed alternative grounds.

## VI. CONCLUSION

We REVERSE the judgment of the superior court and REMAND for further proceedings.

---

[25] To be clear, this narrow holding does not preclude the superior court from concluding that the vegan diet was a sufficient accommodation under RLUIPA's substantial burden element, if the Department provides evidentiary support for such a conclusion. *Cf. Ciempa v. Jones*, 745 F. Supp. 2d 1171, 1197-98 (N.D. Okla. 2010), *aff'd*, 511 F. App'x 781 (10th Cir. 2013) ("To the extent that Ciempa seeks to bring a claim based on the failure to provide him with a Halal diet, he has failed to establish that such failure imposes a substantial burden on his religious exercise. Ciempa himself stated that his religious needs could be satisfied by the provision of a Kosher diet." (citation omitted)); *Shoemaker v. Williams*, No. CV 10-0826-JO, 2013 WL 528306, at *2 (D. Or. Feb. 11, 2013) ("[Plaintiff] conceded that the vegetarian and fish meals provided by [the prison] are *halal* and comply with the dietary restrictions of his religion. Thus, there is no basis from which to conclude that his consumption of these meals infringed his religious exercise.").