# (May 3, 1984)

■ WALTER & ROSEN, INC., et al., Respondents, v PHILIP POLLACK et al., Defendants, and WESTPOINT PEPPERELL, INC., Appellant. — Order, Supreme Court, New York County (Glen, J.), entered September 29, 1983, denying defendant WestPoint Pepperell's motion to dismiss the complaint against it pursuant to CPLR 3211 (subd [a], par 7) and granting plaintiff's cross motion to serve an amended complaint, reversed, on the law, defendant's motion

granted, the complaint dismissed and plaintiffs' cross motion denied, with costs and disbursements. ¶ The complaint of Walter & Rosen, Inc., and its president charged defendant WestPoint Pepperell with violating section 340 of the General Business Law. It alleged that WestPoint Pepperell, after acquiring Virginia Crafts, Inc., offered plaintiffs, who were sales representatives of Virginia Crafts, a sales territory it knew plaintiffs would refuse, and that it conspired with plaintiffs' employee, defendant Pollack, to form a direct competitor with plaintiffs to divert sales from them. Before answering, WestPoint Pepperell moved to dismiss the complaint. Plaintiffs did not choose to defend it, cross-moving instead for leave to amend the complaint to allege two new causes of action arising out of an alleged common-law tort of unfair competition. Plaintiffs assert first that defendants conspired to divert sales from plaintiffs while Pollack was employed by plaintiffs and, second, that Pepperell, as a condition of renewing plaintiffs' sales representation, demanded illegal rebates. Plaintiffs offered no evidence to support their proposed amended complaint, relying solely on an attorney's affirmation. ¶ WestPoint Pepperell challenged the sufficiency of the proposed amended pleading just as it had challenged the original cause of action, that is, with extensive evidence by affidavit designed to show that its relationship with plaintiffs had been conducted within the perimeters of accepted business practice. Special Term, citing the statutory policy of liberal amendment, erroneously concluded that the sufficiency of the proposed amended complaint was not before it. It granted plaintiffs' cross motion for leave to amend and denied as moot WestPoint Pepperell's motion to dismiss. ¶ A motion for leave to amend calls upon the court to review the validity of any causes of action sought to be added (*East Asiatic Co. v Corash,* 34 AD2d 432). Moreover this court has construed CPLR 3211 (subd [e]), respecting leave to replead should a complaint be dismissed on motion, to require that the proposed new pleading be supported by evidence as on a motion for summary judgment (see *Cushman & Wakefield v John David, Inc.,* 25 AD2d 133, 135). The conclusory allegations offered by plaintiffs' attorney fail to meet this required standard. ¶ We note, too, that even if the proposed amended complaint had been adequately supported and the cross motion properly granted, defendant's motion to dismiss the original complaint should have been granted if for no other reason than to prevent its reassertion. Concur — Murphy, P. J., Carro, Silverman, Lynch and Alexander, JJ.