(August 21, 1986)

■ TRAVELERS INSURANCE COMPANY, as Subrogee of FAIRBANKS FILMS COMPANY, Respondent, v FERCO, INC., Defendant, and EASTMAN KODAK COMPANY, Appellant.—Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered September 30, 1985, which denied defendant-appellant Eastman Kodak Company's motion to dismiss those causes of action against it in the complaint of plaintiff-respondent Travelers Insurance Company, and which granted plaintiff's cross motion requesting leave to serve an amended complaint, unanimously reversed, on the law, with costs, defendant Eastman Kodak Company's motion to dismiss the complaint against it is granted and plaintiff's motion for leave to serve an amended complaint is denied with prejudice as to the proposed amended third cause of action, but without prejudice

to renewal upon a proper showing therefor as to the proposed amended fourth and fifth causes of action.

Plaintiff, Travelers Insurance Company (Travelers), sues in this action as subrogee of the claim of Fairbanks Films Company. It is alleged that Fairbanks incurred $26,545.64 of economic loss when camera equipment rented from defendant Ferco, Inc. and/or film manufactured by Eastman Kodak Company (Kodak) failed, making it necessary to refilm a television commercial. Plaintiff's third cause of action alleges in substance that Kodak's negligence in connection with the film caused Fairbanks' economic loss. Plaintiff's fourth cause of action seeks recovery on the ground that Kodak breached its warranties of fitness and merchantability when it sold the allegedly defective film to Fairbanks.

Kodak's motion to dismiss these causes was erroneously denied. It is well settled that loss of a purely economic sort may not be compensated in a negligence or strict products liability action. (*Schiavone Constr. Co. v Elgood Mayo Corp.,* 56 NY2d 667 [1982].) For this reason, plaintiff's third cause of action, alleging simply that plaintiff's subrogee was economically harmed by Kodak's negligence, fails to state a cause of action and must be dismissed.

Dismissal of plaintiff's third cause of action is additionally warranted by a deficiency shared with its fourth cause of action, namely that, as Special Term observed, neither cause alleges sufficient facts to permit defendant Kodak to frame an answer. CPLR 3013's liberal pleading provision notwithstanding, a pleading must still be particular enough to provide the court and parties with notice of the transaction or occurrences to be proved. The subject pleadings aptly described by Special Term as "an either-or assemblage of bare allegations" do not give Kodak notice of any occurrence or transaction possibly constituting negligence or of any particular defect upon which the breach of warranty claim may be predicated. Pleadings which are so devoid of factual substance require dismissal pursuant to CPLR 3211 (a) (7). (*See, Shapolsky v Shapolsky,* 22 AD2d 91 [1st Dept 1964].) Their factual inadequacy is not excused by the statutory policy allowing liberal amendment. Rather, deficient pleadings must be dismissed, if only to prevent their reassertion should amendment be granted. (*Walter & Rosen v Pollack,* 101 AD2d 734, 735 [1st Dept 1984]; *see also,* CPLR 3211 [e].)

Although leave to amend is freely given pursuant to CPLR 3025 (b), when leave is sought to amend pleadings properly dismissed pursuant to CPLR 3211 (a), the court must be

satisfied that there are sufficient grounds to support the proposed amended pleadings. (CPLR 3211 [e]; *Walter & Rosen v Pollack, supra,* at p 735.) As the subject pleadings should have been dismissed on defendant Kodak's motion pursuant to CPLR 3211 (a) (7), plaintiff's cross motion for leave to amend should not have been granted unless the court was satisfied as to the sufficiency of the repleaded causes. Special Term opined that the proposed amended pleading, though not a substantial improvement over the original, was not "palpably insufficient." We agree that the proposed amended pleading is not a substantial, or for that matter even marginal, improvement over the original. For that reason, however, we find it necessary to reverse Special Term and deny plaintiff's cross motion for leave to amend. The proposed amended third cause of action is indistinguishable from its predecessor and the would-be successor pleadings to plaintiff's fourth cause are as devoid of factual content as their forerunner. Clearly, the showing of merit required by CPLR 3211 (e) was not made by plaintiff. Plaintiff's third and fourth causes should then have been dismissed and leave to replead denied. Concur—Murphy, P. J., Kupferman, Sullivan, Carro and Milonas, JJ.