■ PRITCHARD SERVICES (NY) INC., Respondent, v FIRST WINTHROP PROPERTIES, INC., et al., Appellants.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on March 14, 1990, which granted a motion by plaintiff pursuant to CPLR 2221 for leave to renew and/or reargue a prior motion which resulted in dismissal of plaintiff's first and second causes of action as against defendant First Winthrop

Properties, Inc., and dismissal of plaintiff's second cause of action as against defendant The Clean Machine Maintenance Company, Inc., and, on renewal and reargument, vacated the prior order and deemed the proposed amended complaint served, unanimously modified, on the law, to deny leave to replead as to the third cause of action in the proposed amended complaint, and otherwise affirmed, with costs.

Plaintiff entered into a contract with defendant Clean Machine Maintenance Company to provide cleaning and maintenance services for Manhattan buildings owned by defendant First Winthrop Properties, Inc. Plaintiff alleges Clean Machine to be a wholly owned subsidiary of First Winthrop. Arrears in excess of one million dollars are claimed. The IAS court originally dismissed plaintiff's cause of action sounding in breach of contract as against First Winthrop, holding that there was no ground on which First Winthrop could be held liable for the contract of its subsidiary. Plaintiff's cause of action premised on an account stated as against both defendants was also dismissed because it was not sufficiently alleged that defendants had accepted the account as stated by plaintiff.

Plaintiff concedes on appeal that its motion to replead should be governed by the standard set forth in CPLR 3211 (e). This court has construed CPLR 3211 (e) to require that proposed new pleadings be supported by "evidence as on a motion for summary judgment" (Walter & Rosen v Pollack, 101 AD2d 734, 735). Plaintiff's motion to replead was based on the deposition testimony given by an officer of First Winthrop.

The IAS court properly granted plaintiff leave to replead the cause of action for breach of contract as against First Winthrop. A subsidiary corporation over which a parent corporation exercises control in everyday operations may be deemed an instrumentality or agent of the parent, and "[t]he determinative factor is whether the subsidiary corporation is a dummy for the parent corporation" (Fiur Co. v Ataka & Co., 71 AD2d 370, 374). The corporate veil may be pierced either to achieve equity, where the officers and employees of the parent corporation exercise control over the daily operations of the subsidiary and act as the true prime movers behind the subsidiary's action, or on the theory that the parent conducts business through the subsidiary, which exists solely to serve the parent (Pebble Cove Homeowners' Assn. v Fidelity N. Y., 153 AD2d 843). Here, the testimony of First Winthrop's officer shows, to an extent sufficient to support the amended pleadings, that the management of First Winthrop regarded the

services provided by plaintiff as its own business, that the day-to-day dealings with the plaintiff were conducted by First Winthrop management, and that Clean Machine had no apparent function other than providing the corporate form through which First Winthrop's management dealt with plaintiff.

The deposition testimony does not, however, support the repleaded cause of action for an account stated. There is nothing in the testimony relied upon to show an agreement by the defendants to the account presented, either expressly or impliedly through retention of the account and a lack of objection within a reasonable time (see, Chisholm-Ryder Co. v Sommer & Sommer, 70 AD2d 429, 431). A First Winthrop officer had agreed that, if plaintiff ever demonstrated a legitimate entitlement to payment, such payment would be made. Nevertheless, nothing in the deposition testimony supports plaintiff's claim that the defendants acknowledged that such a demonstration had been made. Further, nothing in the record supports plaintiff's new allegation that partial payment had been made on the account. Accordingly, leave to replead the cause of action for account stated should not have been granted. Concur—Murphy, P. J., Milonas, Ellerin, Wallach and Kassal, JJ.