■ KYLE SUMPTER, Plaintiff, v 5825 BROADWAY LLC, et al., Respondents, et al., Defendant. (And Third-Party and Second Third-Party Actions.) THC REALTY DEVELOPMENT, L.P., Third Third-Party Plaintiff-Respondent, v TADCO CONSTRUCTION CORP., Third Third-Party Defendant-Appellant. [797 NYS2d 494]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered November 15, 2004, which, in an action for personal injuries sustained by a laborer on a construction site, insofar as appealed from, denied third-party defendant subcontractor (Tadco)'s motion for summary judgment dismissing the third-party complaint and any cross claims asserted against it, and granted defendant general contractor's (THC) motion to amend

its answer to withdraw its admission that it had hired nonparty D&D Mason Contractors, unanimously affirmed, with costs.

Plaintiff alleges that he was injured when he was struck by a heavy bundle of metal rebar suspended by a chain attached to an excavating machine. Tadco argues that there is no merit to the third-party complaint or any of the cross claims asserted against it since plaintiff was an employee of nonparty D&D, and the accident did not arise out of Tadco's work or result from its negligence or the negligence of any of its own subcontractors. However, as succinctly delineated by the motion court, numerous issues of fact exist bearing upon the scope of Tadco's work and its relationship to plaintiff and D&D. While plaintiff stated that he was employed by D&D, he also stated that his work at the site involved installing sewer tanks, which, according to Tadco's sole owner, Frank DeMartino, was Tadco's job, and that he took his daily instructions from Frank. Frank DeMartino testified that no D&D employees were used in the sewer installation work and that the excavating machine was owned and used only by Tadco, yet also admitted that his brother Tom, the sole owner of D&D, was operating the machine at the time of the accident. The foregoing tends to show either that plaintiff was Tadco's employee, or that D&D employees were used in the sewer installation, or that Tadco, not D&D, was controlling plaintiff's work at the time of the accident, or, as THC claims, that Tadco and D&D were used so interchangeably by the DeMartino brothers as to effectively make them a single entity (*see Pritchard Servs. [NY] v First Winthrop Props.*, 172 AD2d 394 [1991]). Concerning THC's motion to amend its answer to withdraw an admission, THC represents that it stated therein that it had hired D&D believing that Tadco was simply doing business under the name of D&D. In view of the many questions surrounding Tadco's and D&D's relationship, any confusion in this regard was certainly understandable. Concur—Saxe, J.P., Ellerin, Sweeny and Catterson, JJ.