Guzman v City of New York (2021 NY Slip Op 00085)





Guzman v City of New York


2021 NY Slip Op 00085


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Index No. 304923/15 Appeal No. 12798-12798A Case No. 2019-5413 

[*1]Josephine Guzman, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents, Arnold Lowery et al., Defendants.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Julie Steiner of counsel), for The City of New York, respondent.
Heidell, Pittoni, Murphy & Bach LLP, New York (Daniel S. Ratner of counsel), for Consolidated Edison, Inc., respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered May 28, 2019, which granted the motion of defendant City of New York for summary judgment dismissing the complaint and all cross claims as against it, and order, same court and Justice, entered on or about September 25, 2019, which, inter alia, granted the motion of defendant Consolidated Edison, Inc. (Con Ed) to dismiss the complaint and all cross claims as against it, unanimously affirmed, without costs.
Plaintiff was injured while riding on a bus, when a metal sewer plate exploded, penetrated the bus, and fell on her foot. Her notice of claim alleged that the City was negligent in the operation and maintenance of the bus. This claim was repeated in her bill of particulars and multiple complaints she filed over the course of the litigation. However, plaintiff now acknowledges that the City did not own, operate, or control the bus. She contends that the notice of claim was sufficient to put the City on notice of a claim for negligent maintenance of the roadway based on her recitation of the facts of the accident.
The court properly granted the City's motion since the notice of claim was insufficient to put the City on notice to investigate defects in the roadway, and it was too late to amend the notice of claim four years after the accident (see Pierson v City of New York, 56 NY2d 950, 954 [1982]). An amendment to a notice of claim that creates a new theory of liability does not fall within the purview of General Municipal Law § 50-e(6), which permits a party to correct a notice of claim in certain circumstances (see Matter of Corwin v City of New York, 141 AD3d 484, 488 [1st Dept 2016]).
The complaint was also properly dismissed with respect to Con Ed because it did not allege any tortious conduct on Con Ed's part, despite being amended twice by plaintiff during the course of the litigation. Failing to provide a defendant with notice of the material elements of the cause of action creates prejudice (see Travelers Ins. Co. v Ferco, Inc., 122 AD2d 718, 719 [1st Dept 1986]). Here, the complaint informed Con Ed of the events giving rise to plaintiff's claim but did not cite any conduct by Con Ed linking it to her injuries. The evidence plaintiff adduced during discovery concerning work in the roadway by Con Ed around the time of the accident and her expert's affidavit were insufficient to remedy plaintiff's defective pleading and raise an issue of fact as to Con Ed's liability. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021