Smartmatic USA Corp. v Fox Corp. (2025 NY Slip Op 00177)

Smartmatic USA Corp. v Fox Corp.

2025 NY Slip Op 00177

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 151136/21 Appeal No. 3439 Case No. 2024-01388 

[*1]Smartmatic USA Corp., et al., Plaintiffs-Respondents,
v
Fox Corporation, Defendant-Appellant, Fox News Network, LLC et al., Defendants.

Mintz & Gold LLP, New York (Scott Klein of counsel), and Clement & Murphy, PLLC, Alexandria, VA (Erin E. Murphy of the bar of the State of Virginia and District of Columbia, admitted pro hac vice, of counsel) for appellant.
Benesch Friedlander Coplan & Aronoff LLP, New York (J. Erik Connolly and Edward C. Wipper of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 24, 2024, which, to the extent appealed from as limited by the briefs, denied defendant Fox Corporation's motion to dismiss the first amended complaint pursuant to CPLR 3211(a)(7) insofar as it asserts a claim for defamation against it, unanimously modified, on the law, to dismiss the defamation claim against Fox Corporation only to the extent that it is based on vicarious liability, and otherwise affirmed, without costs.
In our prior decision in this matter, we modified the motion court's order to, among other things, dismiss the causes of action asserted against Fox Corporation without prejudice to repleading (Smartmatic USA Corp. v Fox Corp., 213 AD3d 512 [1st Dept 2023]). With respect to Fox Corporation, we found that "the complaint does not adequately allege that any Fox Corporation employee played an affirmative role in the publication of the challenged defamatory statements," nor that "Fox Corporation wholly dominated Fox News so as to [be] liable for the acts of its subsidiary (id. at 513-514). We explained that "[e]ven if reasonable, the inference that Fox Corporation, merely by virtue of its ownership of Fox News and its profits, actively took part in the procurement, composition, and publication of the challenged statements, does not alone suffice to allege defamation claims against a corporate parent based on conduct by its wholly owned subsidiary" (id. at 514).
In the first amended complaint, plaintiffs reasserted the causes of action against defendant Fox News Network and the individual defendants, which we had described as "based on significant allegations that [the guest campaign-lawyer defendants] made defamatory statements about plaintiffs' involvement in the 2020 Presidential election while knowing that the statements were false, or at least with reckless disregard for the truth" (id. at 512). Further, we found that plaintiffs alleged, "in detailed fashion," not only that Fox News Network and the host defendants "merely report[ed] the newsworthy fact that the President's campaign lawyers were recklessly making statements conveying false information," but that "in their coverage and commentary, [they] effectively endorsed and participated in the statements with reckless disregard for, or serious doubts about, whether the assertions or implications that plaintiffs had participated in election fraud had any basis in truth or were supported by any reliable evidence" (id. at 513). In addition, plaintiffs asserted a new defamation cause of action against Fox Corporation, which alleged that during the relevant time period, it "actively participated in, directed, and controlled the publication" of the above defamatory statements composed and broadcast by the other defendants.
Fox Corporation moved to dismiss the defamation cause of action, arguing, as relevant here, that the first amended complaint does not adequately allege Fox Corporation's "direct [*2]liability" for the challenged defamatory statements, as it does not adequately allege that a Fox Corporation employee played an "affirmative role" by actively taking part in the procurement, composition, or publication, or satisfy the applicable pleading requirements for alleging the element of "actual malice" under New York law.
The motion court properly denied Fox Corporation's motion to dismiss the defamation claim against it. In the litigation of this issue in the similar matter brought in Delaware by Dominion Voting Systems, the Delaware courts found that allegations nearly identical to those here adequately asserted a claim as to Fox Corporation's direct liability for defamation under New York law that survive a motion to dismiss and a motion for summary judgment (see US Dominion, Inc. v Fox Corp., 2022 WL 2229781, *8-11, 2022 Del Super LEXIS 258, *20-28 [Del Super Ct, June 21, 2022, C.A. No. N21C-11-082 EMD CCLD]; US Dominion, Inc. v Fox News Network, LLC, 293 A3d 1002, 1041-1042, 1051-1053 [Del Super Ct 2023]). Here, consistent with the Dominion decisions, we find that the allegations in the first amended complaint relating to Fox Corporation directing the other defendants to undertake a disinformation campaign in the post-election coverage, along with the allegations of Fox Corporation's active participation in Fox News Network's daily operations in connection with that coverage, sufficiently allege Fox Corporation's "direct liability" for the challenged defamatory statements, as well as satisfy the applicable pleading requirements for alleging actual malice.
However, we find that plaintiffs' allegations did not plead a viable defamation claim against Fox Corporation based on vicarious liability. Contrary to plaintiffs' assertions, its allegations that Fox Corporation wholly dominated Fox News over a single, specific transaction (i.e., a defamatory campaign), cannot, on their own, furnish a proper basis for vicarious liability. Moreover, the cases that plaintiffs cite in support of its argument do not require a different result (see e.g. Pritchard Servs. [NY] v First Winthrop Props., 172 AD2d 394 [1st Dept 1991]; Anderson St. Realty Corp. v RHMB New Rochelle Leasing Corp., 243 AD2d 595 [2d Dept 1997]). Rather, vicarious liability requires allegations of total corporate dominance based on veil piercing or some other showing that the subsidiary lacks a true separate corporate existence (see e.g. Franklin v Daily Holdings, Inc., 135 AD3d 87, 95-96 [1st Dept 2015] [News Corp. not properly alleged to be liable for defamatory statements of subsidiary newspaper in the absence of sufficient veil piercing allegations of complete corporate domination]). Such allegations are absent here, thus precluding a claim premised on vicarious liability. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025